The STATE of Texas, Appellant,

v.

Alfred Edward JOHNSON, Appellee.

No. 14–96–00535–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 5, 1997.

Betty Barret Homminga, Houston, for appellant.

Calvin A. Hartman, William J. Delmore, III, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

**OPINION**

ANDERSON, Justice.

The State of Texas appeals the trial court's order to dismiss with prejudice its pending prosecution of appellee, Alfred Edward Johnson, for criminal nonsupport of a child. The trial court found that this prosecution was barred by the Double Jeopardy Clauses in both the federal and state constitutions be-

---

cause appellee had previously been found guilty of contempt of court for failure to comply with a court order to pay arrearages owed on his child support obligation. In two points of error, the State argues, first, that there is no evidence to support the court's finding that the criminal prosecution of appellee was based on the same conduct for which appellee was held in contempt of court; and, second, that even if the State was attempting to punish the same conduct twice, double jeopardy is not implicated because the contempt action was initiated by a private interest rather than by the State. We reverse the judgment of the trial court based on the State's first point of error.

In 1989 appellee was ordered to pay $800.00 per month in child support for the benefit of his two children. Having repeatedly failed to do so, on September 9, 1993, he entered into an agreed order with the court to satisfy some $6,227.94 in past due child support in addition to court costs and attorney's fees. Appellee failed to comply with the terms of this order and on December 13, 1993, in a contempt action initiated by the Texas Attorney General's Office, appellant was adjudicated guilty and punished for noncompliance with the September 9, 1993, order. In addition, on January 25, 1994, appellee was found guilty and punished for eleven separate instances of contempt of court as the result of his failure to comply with the original 1989 order to pay child support. The offenses of nonsupport occurred between September of 1993 and January of 1994.

In 1995, under cause numbers 700,388 and 700,389, appellant was charged in two separate indictments with the offense of criminal nonsupport [1] for failing to pay court ordered child support for each of his two children "on or about June 1, 1995." Appellee filed an application for writ of habeas corpus seeking dismissal of these charges on double jeopar-

dy grounds alleging that the State has already punished him for this conduct.

■ We hold that, as a matter of law, the evidence presented in this case conclusively establishes that the prior contempt proceedings do not present a double jeopardy bar to the State's prosecution for criminal nonsupport. The judge's orders from both contempt proceedings clearly indicate that the court was holding appellee in contempt for conduct that occurred *prior to* those proceedings, which occurred in December of 1993 and January of 1994. In contrast, the indictments for his criminal prosecution indicate that he is being charged with conduct occurring much later, in June of 1995. Obviously, on these facts the State is not seeking to punish appellant multiple times *for the same conduct.*

■ The Double Jeopardy Clause in both the federal and state constitutions only prohibits attempts by the State to punish an individual multiple times for the "same offense." U.S. CONST. amend. V.; TEX. CONST. art. I, § 14; *see also* TEX.CODE CRIM. PROC. ANN. art. 1.10 (Vernon 1996). Where, as here, the State is attempting to punish an individual for a separate occurrence of the same conduct, each occurrence constitutes a distinct offense for which that individual may be separately prosecuted without violating the double jeopardy protection. *See Ex parte Rathmell,* 717 S.W.2d 33, 35 (Tex.Crim. App.1986) (holding that the *Blockburger* doctrine applies when the State attempts to prosecute an individual for two distinct statutory provisions, not when the State seeks to prosecute an individual for multiple violations of a single statute).[2] To hold otherwise would be tantamount to saying that if an individual assaults his neighbor on Tuesday and then assaults that same individual again on Wednesday, he could not be charged with two separate crimes of assault. This is simply not the rule.[3]

---

1. *See* TEX. PENAL CODE ANN. § 25.05 (Vernon 1994).

2. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).

3. In *Blockburger,* the Court was confronted with the issue of double jeopardy as it applied to (a) multiple sales of a drug to the same person on

separate occasions, and (b) one sale which violated two separate statutory provisions. As to the former, the court held that there was no multiple prosecution for the same offense because "the first sale had been consummated, and the payment for the additional drug, however closely following, was the initiation of a separate and distinct sale completed by its delivery.... Each

Appellant argues that because the State's probable cause affidavit alleges a continual course of nonpayment of child support which encompasses the time period for which appellant has already been punished via contempt, this affidavit presents some evidence supporting the court's finding that the State was attempting to punish appellant for the same offense for which he has already been punished. We reject this argument and find that based on the facts before this court, the only conclusion supported by the evidence is that double jeopardy does not bar the State's pending indictments. The probable cause affidavit is not relevant evidence in light of the indictment itself, which clearly indicates that the only offenses with which appellant was charged and for which he stands to be punished are the offenses occurring during June of 1995.

For these reasons we affirm the State's first point of error. Because our resolution of this issue is dispositive of this appeal, we need not address appellant's second point of error. TEX.R.APP. P. 90(a). Accordingly, the trial court's order dismissing the State's prosecution of appellant under cause numbers 700,388 and 700,389 is reversed, and this cause is remanded to that court for further proceedings consistent with this opinion.

of the several successive sales constitutes a distinct offense...." Applying the *Blockburger* rationale here, each month appellee failed to make a child support payment constituted a separate offense, thus permitting successive prosecutions.