**STATE of Missouri, Respondent,**

v.

**Germaine FRENCH, Appellant.**

No. SC 84151.

Supreme Court of Missouri,
En Banc.

July 23, 2002.

Amy M. Bartholow, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Attorney General, Kansas City, for Respondent.

STEPHEN N. LIMBAUGH, JR., Chief Justice.

Germaine French was convicted of two counts of criminal nonsupport under section 568.040, RSMo 1994, which occurred during consecutive six-month periods in 1997 and 1998. After appeal to the Court of Appeals, Western District, this Court granted transfer to address the question of whether French's failure to provide support was a continuing course of conduct and whether his two convictions for that continuous conduct violated the Double Jeopardy Clause of the Fifth Amendment. Mo. Const. art. V, sec. 10. Having determined that nonpayment during "each of six individual months within any twelve-month period" are separate crimes under the charging statute, this Court holds that French's two convictions do not violate the bar against double jeopardy. The judgment is affirmed.

## I.

In September of 1992, Victoria Wilson met French at a party. When French called her a few days later, she invited him to her apartment, and they had sex one time. In November of 1992, Wilson dis-

covered she was pregnant. She called French, told him that she was pregnant, that he was the father, and that she expected him to pay child support. In a later conversation, French told Wilson, "I'm not paying for any child support for a child that's not mine." Wilson did not contact French during the remainder of the pregnancy or list his name as the father on the birth certificate.

In 1995, French offered to send Wilson money if she agreed not to file for child support, but when French failed to send money, Wilson called the Child Support Enforcement Department of the Buchanan County Prosecutor's Office. The Department then contacted French, but he was uncooperative. Thereafter, the Department filed a petition to establish paternity and served French with a summons, to which was attached a petition to establish paternity and child support and an order compelling him to submit to genetic testing. However, French failed to appear, and on November 26, 1996, a default judgment was entered declaring him to be the father and ordering him to pay $431 per month in child support. A copy of the judgment was sent to French by certified mail, but was returned unclaimed. The only payment made on the child support obligation was in 1998 when the child support enforcement authorities intercepted French's state income tax refund check and applied it to the balance owed.

The State charged French with two counts of felony nonsupport. Count I charged him with nonsupport during the six-month period between January 1, 1998, and June 30, 1998, within the twelve-month period of July 1, 1997, through June 30, 1998. Count II charged him with nonsupport during the six months of July 1, 1998, through December 31, 1998, within the twelve-month period of January 1, 1998, through December 31, 1998. A jury

found French guilty of both counts, and the trial court sentenced him to two six-month sentences, to be served consecutively. This appeal followed.

## II.

Section 568.040 states in pertinent part:

1. A person commits the crime of nonsupport if he knowingly fails to provide, without good cause, adequate support for his spouse; a parent commits the crime of nonsupport if such parent knowingly fails to provide, without good cause, adequate support which such parent is legally obligated to provide for his child or stepchild who is not otherwise emancipated by operation of law.

* * *

4. Criminal nonsupport is a class A misdemeanor, *unless the person obligated to pay child support commits the crime of nonsupport in each of six individual months within any twelve-month period,* or the total arrearage is in excess of five thousand dollars, in either of which case it is a class D felony.

* * *

(Emphasis added.)

As noted, French's primary argument is that his second conviction violates the Double Jeopardy Clause of the Fifth Amendment because non-payment of child support is one indivisible course of criminal conduct, a single crime. In this regard, the Double Jeopardy Clause prohibits " 'multiple punishments for the same offense.' " *Missouri v. Hunter,* 459 U.S. 359, 365–66, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Where multiple punishments are imposed following a single trial, double jeopardy analysis is limited to determining whether multiple punishments were intended by the legislature. *Id.* at 368–69, 103 S.Ct. 673. In other words, multiple punishments are permissible if the defen-

dant has in law and in fact committed separate crimes. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *State v. Flenoy*, 968 S.W.2d 141, 144 (Mo. banc 1998). To determine whether the legislature intended multiple punishments, a court looks first to the "unit of prosecution" allowed by the statutes under which the defendant was charged. *State v. Villa–Perez*, 835 S.W.2d 897, 903 (Mo. banc 1992). Only where the charging statute is silent as to the unit of prosecution must recourse be made to Missouri's general cumulative punishment statute, sec. 556.041, RSMo. *Id.*

■ Here, the legislative intent to allow multiple punishments is clear by virtue of the statutory provision for temporal units of prosecution—six separate months of non-payment in one-year's time under section 568.040.4. Thus, the state was permitted to bring charges both for failure to make support payments for six of the twelve months between July 1, 1997, through June 30, 1998, and for a separate six-month period during the separate twelve-month period between January 1, 1998, through December 31, 1998.

■ Defendant argues that subsection 4 of sec. 568.040 is not intended to define a unit of prosecution, but acts only as a sentence enhancement provision "similar to how a marijuana possession charge is elevated to felony status when a person possesses over 35 grams [under sec. 195.211]." Inexplicably, defendant overlooks this Court's decision in *State v. Burns*, 877 S.W.2d 111, 113 (Mo. banc 1994), which holds just the opposite—that the amount of marijuana is an element of the crime proper and, in effect, defines the unit of prosecution. As this Court explained in *Burns*, though the "determination [of the amount of marijuana possessed] goes to the classification of the offense [as misdemeanor or felony], and

therefore to punishment, it is still an element of the crime." *Id.* Similarly, even though the six-month period of nonpayment under section 568.040.4 goes to the classification of the offense as misdemeanor or felony, and therefore to punishment, it is still an element of the crime, and, as in *Burns*, it establishes a separate unit of prosecution.

■ French also cites section 556.041, RSMo, which precludes multiple convictions for offenses constituting a continuing course of conduct and seizes on the language of several cases from the Court of Appeals, *see, e. g.*, *State v. Morrow*, 888 S.W.2d 387, 393 (Mo.App.1994), suggesting that criminal nonsupport is an example of an offense that constitutes a continuing course of conduct. Section 556.041, RSMo, states in pertinent part:

> When the same conduct of a person may establish the commission of more than one offense he may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if . . .
>
> * * *
>
> (4) The offense is defined as a continuing course of conduct and the person's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.

French's argument fails for two reasons:

First, the offense of criminal nonsupport in section 568.040 is not defined as a continuing course of conduct, but is defined in separate temporal units of prosecution. *State v. Morrow*, 888 S.W.2d at 393, as well as the other cases on which French relies, interpreted the pre–1993 version of 568.040, which did not define separate units of prosecution or distinguish between felony and misdemeanor nonsupport and which, arguably, did indeed define the of-

fense as a continuing course of conduct. The statute was amended, however, in 1993, Laws of Missouri 1993, H.C.S.S.S.S.B. 253, pp. 1146–47, to its present form, which precludes the application of section 556.041 because the statute can no longer be interpreted as defining a continuing course of conduct.

Second, even if criminal nonsupport were defined in section 568.040 as a continuing course of conduct, the clause in section 556.041(4), "unless the law provides that specific periods of such conduct constitute separate offenses," is an express exception to the immediately preceding prohibition against multiple convictions. In this case, the exception would apply because the legislature has in fact provided that specific periods of the prohibited conduct constitute separate offenses. Again, French apparently is unwilling to acknowledge that those specific periods are elements of the crime that define separate units of prosecution.

## III.

■■■ In his second point, French challenges the sufficiency of the evidence upon which the jury concluded that he "knowingly" failed to pay child support. Specifically, he claims that in the absence of proof that he received a copy of the judgment setting out the support order, "knowledge" cannot be presumed. In the context of criminal non-support, a parent acts with the particular mental state of "knowingly" when a parent is aware of the support obligation. *State v. Morovitz*, 867 S.W.2d 506, 509 (Mo. banc 1993); sec. 562.016.3(1), RSMo 1994. Proof of a particular mental state can and usually does rest on circumstantial evidence. *State v. Purlee*, 839 S.W.2d 584, 587 (Mo. banc 1992).

■■■ When reviewing for sufficiency of the evidence, a court views the facts in the light most favorable to the verdict. *State*

*v. Black*, 50 S.W.3d 778, 788 (Mo. banc 2001). As noted, the record shows 1) that French had sex with Wilson, 2) that Wilson became pregnant and told French that he was the father, 3) that after the child was born, French offered Wilson money if she would not file for child support, 4) French was served with a summons indicating that Wilson had initiated paternity and support proceedings through the Buchanan County Child Support Enforcement Department, and 5) that French never responded to the summons. Although French never accepted the copy of the judgment sent to him, the foregoing evidence was sufficient to establish that he was aware of his support obligation.

## IV.

■■■ Finally, French claims that the trial court abused its discretion by allowing the state to elicit testimony from Deborah Welter, an employee of the prosecutor's office, regarding the process of establishing paternity and French's lack of cooperation in genetic testing during the paternity proceedings. He argues that the testimony was irrelevant because French's paternity already had been adjudicated in the civil action and, further, that the testimony was prejudicial because the jury would focus improperly on the question of whether he knew he was the father, rather than whether he knew of his support obligation. However, French failed to object to the initial questions regarding this testimony, and he requested no other relief after his objections to the later questions were sustained. In this situation, there is nothing for this Court to review, except for manifest injustice warranting plain error relief under Rule 30.20. From a review of the record, suffice it to say that the alleged errors do not approach manifest injustice and that an extended opinion on the mat-

ter would have no precedential value. Rule 84.16(b).

The judgment is affirmed.

All concur.