**STATE of Missouri, Appellant,**

v.

**Doyle E. SMITH, Respondent.**

**No. WD 60945.**

Missouri Court of Appeals,
Western District.

Nov. 26, 2002.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, Philip M. Koppe, Assistant Attorney General, Kansas City, MO, for Appellant.

Nancy A. McKerrow, Assistant Public Defender, Columbia, MO, for Respondent.

Before ELLIS, C.J., and LOWENSTEIN and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

The State appeals from the trial court's judgment dismissing its criminal information charging Doyle E. Smith with felony criminal nonsupport under § 568.040.[1] The trial court dismissed the charge after finding, in accordance with this court's opinion in *State v. French*, WD 58860, 2001 WL 1262290 (2001), that the charge constituted double jeopardy.

Subsequently, the Missouri Supreme Court ordered the *French* case transferred and, on July 23, 2002, while the State's current appeal remained pending, it handed down its opinion in *State v. French*, 79 S.W.3d 896 (Mo. banc 2002). Contrary to this court's *French* opinion relied upon by the trial court in dismissing the charge, the supreme court resolved the double jeopardy issue raised by Mr. Smith at the trial level in favor of the State. Specifically, the supreme court held that defendant French's failure to provide support was not a continuing course of conduct. Thus, French's two convictions for felony nonsupport for failure to make support payments for six of the twelve months between July 1, 1997, through June 30, 1998, and for a separate six-month period during the separate twelve-month period between January 1, 1998, through December 31, 1998, did not violate the Double Jeopardy Clause of the Fifth Amendment.

Accordingly, the State can properly charge Mr. Smith with felony nonsupport under § 568.040 for failure to provide support for six months within the one-year period from August 1, 2000, through July 31, 2001, which is a separate period from the period of the months of March 1, 1999, through April 30, 1999—the period for which Mr. Smith was previously convicted of misdemeanor nonsupport under § 568.040. Thus, we reverse the trial court's judgment dismissing the information and remand for further proceedings.

## Background

On April 6, 1995, the Circuit Court of Buchanan County, Missouri, declared

---

**1.** Because of the time frames of the charged conduct, Mr. Smith's misdemeanor nonsupport charge was under § 568.040 RSMo 1994, and his felony nonsupport charge was under § 568.040 RSMo 2000. Thus, references made herein to § 568.040 are under the corresponding version of the statute. However, the distinction is for technical purposes only as no substantive changes were made to the statute. Under both versions, § 568.040.1 charges in relevant part, "[a] parent commits the crime of nonsupport if such parent knowingly fails to provide, without good cause, adequate support which such parent is legally obligated to provide for his child or stepchild who is not otherwise emancipated by operation of law."

Doyle E. Smith the biological father of his minor child, B.E.E., born February 16, 1988, and ordered Mr. Smith to pay $299 per month in child support.

On August 24, 1999, Mr. Smith was charged by information with the class A misdemeanor of criminal nonsupport, § 568.040. The information alleged that in the months of March 1, 1999, through April 30, 1999, Mr. Smith knowingly failed to provide, without good cause, adequate food, clothing, lodging or medical attention for his minor child whom he was legally obligated to support.

On February 1, 2000, Mr. Smith pleaded guilty to the charge. The court suspended the imposition of Mr. Smith's sentence and placed him on two years supervised probation, the terms of which required Mr. Smith to make his current court-ordered support payment of $299 a month in addition to a $75 monthly payment toward arrearages. Thereafter, Mr. Smith made sporadic payments toward his child support obligation during 2000 and 2001.[2]

On November 9, 2001, Mr. Smith was charged by information in the Circuit Court of Buchanan County with felony nonsupport under § 568.040. The information alleged:

> [T]hat during the six months of November 2000, December 2000, March 2001, April 2001, May 2001 and June 2001, during the twelve month period of August 1, 2000[,] through July 31, 2001, . . . [Mr. Smith] knowingly failed to provide, without good cause, adequate food,

clothing, lodging and medical attention for [B.E.E.], [Mr. Smith's] minor child for whom [Mr. Smith] was legally obligated to provide such support.

On December 18, 2001, Mr. Smith's counsel moved to dismiss the felony nonsupport charge. Counsel alleged that because Mr. Smith was still on probation and had never been sentenced for the misdemeanor criminal nonsupport offense, the new charge constituted double jeopardy. Relying on this court's opinion in *State v. French*, WD 58860, counsel argued that nonsupport under § 568.040 "is a crime which involves a continuing course of conduct . . . not expressly provid[ing] that specific periods of nonsupport constitute separate offenses," and, because "a person can not [sic] be convicted twice or punished twice for a continuing course of criminal conduct," the court would lack jurisdiction to enter a judgment in the felony case. The trial court agreed and sustained the motion to dismiss the case with prejudice.

This timely appeal by the State follows.

## Criminal Nonsupport and Double Jeopardy

As previously explained, after opinion by this court in *State v. French*, the Missouri Supreme Court "granted transfer to address the question of whether French's failure to provide support was a continuing course of conduct and whether his two convictions for that continuous conduct violated the Double Jeopardy Clause of the Fifth Amendment." *State v. French*, 79 S.W.3d 896, 897 (Mo. banc 2002) (citing Mo. Const. art. V, sec. 10). The parties

---

**2.** Specifically, Mr. Smith made the following payments during the years of 2000 and 2001:

|  | 2000: | 2001: |
|---|---|---|
| January: | $226.75 | $169.60 |
| February: | $ 0 | $112.57 |
| March: | $299 | $100 |
| April: | $299 | $100 |
| May: | $130 | $ 0 |
| June: | $ 0 | $ 0 |
| July: | $ 0 | $ 0 |
| August: | $ 0 | $ 0 |
| September: | $299 | $299 |
| October: | $187 | $ 0 |
| November: | $ 0 | $299 |
| December: | $100 | $116.45 |

agree that the supreme court's opinion, which is contrary to this court's previous *French* opinion relied upon by the trial court in dismissing the information, answers the question raised, and reversal is required.

Mr. Smith concedes that under the supreme court's opinion in *French,* he may face prosecution for felony nonsupport despite his earlier plea of guilty to misdemeanor nonsupport, because double jeopardy is not violated when a defendant is prosecuted as he was under § 568.040, which defines the offense of criminal nonsupport in separate temporal units of prosecution rather than as a continuous course of conduct. *French,* 79 S.W.3d at 899. As explained by our supreme court:

> the legislative intent to allow multiple punishments [under section 568.040.4] is clear by virtue of the statutory provision for temporal units of prosecution... [T]he six month period of nonpayment ... is ... an element of the crime, and ... it establishes a separate unit of prosecution.

*Id.* Mr. Smith's misdemeanor conviction was for failure to provide support in violation of § 568.040 during the months of March 1, 1999, through April 30, 1999. The felony charge dismissed by the trial court is for his failure to provide support in violation of § 568.040 for six months within the one-year period from August 1, 2000, through July 31, 2001. The charges constitute two separate offenses, each of which may be prosecuted. *Id.* at 899–900.

Accordingly, we reverse the trial court's judgment dismissing the information and remand for further proceedings.

ELLIS, C.J., and LOWENSTEIN, J., concur.