2011 Ark. 517

**Jonathan A. HALPAINE, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 11–476.**

Supreme Court of Arkansas.

Dec. 8, 2011.

J. Brent Standridge, The Law Offices of J. Brent Standridge, P.A., Benton, for appellant.

Dustin McDaniel, Atty. Gen., Valerie Glover Fortner, Asst. Atty. Gen., Little Rock, for appellee.

JIM GUNTER, Justice.

█ |₁Appellant Jonathan Halpaine brings this interlocutory appeal from an order of the Saline County Circuit Court denying his motion to dismiss the charge of criminal nonsupport. He maintains that allowing the State to proceed on the charge violates his right to be free from double jeopardy as protected by the United States and Arkansas Constitutions. A double-jeopardy claim may be raised by interlocutory appeal because, if a defendant is illegally tried a second time, the right would have been forfeited. *Williams v. State*, 371 Ark. 550, 268 S.W.3d 868 (2007). We affirm.

In 1997, appellant was ordered by the circuit court to pay weekly support for his minor child. The record reflects several findings of contempt and subsequent orders to pick up appellant after he failed to comply with his court-ordered obligation between January 25, 2001, and September 23, 2003. On January 14, 2010, the State filed a criminal information charging appellant with the Class C felony of criminal nonsupport in violation of Ark.Code |₂Ann. § 5–26–401 (Supp.2011), alleging that appellant owed $12,011.60 in unpaid support. On April 6, 2011, the State amended the information to add a charge for failure to appear.

On October 5, 2010, appellant filed a motion to dismiss arguing that he had been held in criminal contempt for nonpayment of child support and that the State was therefore precluded from prosecuting him for the same conduct based on the Double Jeopardy Clause. The State responded and asserted that double jeopardy did not attach because appellant had only been charged with civil contempt throughout the pendency of the case. A hearing was held, and the parties made their corresponding arguments to the court. In a letter order filed on October 6, 2010, the circuit court found that appellant had been held in criminal contempt for an arrearage that had accrued through September 23, 2003.[1] Therefore, the State was barred by

---

1. The concurring opinion would hold that double jeopardy does not attach because ap-

the federal and state constitutions from prosecuting appellant criminally for non-payment that occurred prior to that date.

On October 8, 2010, in anticipation that the State would amend the information to conform to the court's ruling, appellant filed a second motion to dismiss arguing that criminal nonsupport was a continuing offense and that the State was constitutionally prohibited from punishing appellant multiple times for nonpayment. He claimed that for statute-of-limitations purposes, criminal nonsupport was considered a continuing offense and that because he had already been penalized by the court for nonpayment, the Double Jeopardy Clause precluded any prosecution against him for nonsupport.

On October 20, 2010, appellant's criminal case was scheduled for trial. However, because the parties had continued to file pleadings, the court rescheduled the trial and allowed appellant to present additional testimony on his motion to dismiss and gave the State permission to supplement the record to respond to appellant's argument. On October 26, 2010, the State filed a second amended information charging appellant with the Class D felony of criminal nonsupport in violation of Ark.Code Ann. § 5–26–401 (Supp.2011), alleging that appellant owed $4,476.60 in unpaid support for the period between September 24, 2003, and September 30, 2010. Thereafter, on January 25, 2011, the circuit court entered an order denying appellant's second motion to dismiss, finding specifically that criminal nonsupport is not a continuing offense and that the Double Jeopardy Clause did not bar prosecution of appellant for any arrearage accruing after September 23, 2003. Appellant filed a timely notice of appeal from that order.

■ This court reviews a circuit court's denial of a motion to dismiss on double-jeopardy grounds de novo. *Green v. State*, 2011 Ark. 92, 380 S.W.3d 368. We have further said that "when the analysis presents itself as a mixed question of law and fact, the factual determinations made by the trial court are given due deference and are not reversed unless clearly erroneous." *Winkle v. State*, 366 Ark. 318, 320, 235 S.W.3d 482, 483 (2006). However, the ultimate decision by the circuit court that the defendant's protection against double jeopardy was not violated is reviewed de novo, with no deference given to the circuit court's determination. *Id.*

For his sole point on appeal, appellant maintains that the circuit court erred in denying his second motion to dismiss the charge of nonsupport. Specifically, appellant asserts that because the circuit court found that he had been held in criminal contempt for not paying his child-support obligation up to September 23, 2003, his constitutional right to be free from double jeopardy prohibits the State from prosecuting him for criminal nonsupport. Appellant asserts that because criminal nonsupport has been categorized as a continuing offense, it is one offense until the child-support obligation is met, and the State is barred by double jeopardy from subjecting him to multiple punishments for that singular offense.

pellant was held only in civil contempt. However, the circuit court's specific finding of criminal contempt has not been challenged on appeal or shown to be clearly erroneous. In fact, the State in their response brief concedes that the circuit court found appellant in criminal contempt. As such, we need only address appellant's argument on appeal—that because he was held in criminal contempt for nonsupport and because criminal nonsupport is a continuing offense, double jeopardy bars multiple punishments for that singular offense.

The Fifth Amendment to the United States Constitution provides that no person shall be twice put in jeopardy of life or limb for the same offense. U.S. Const. amend. 5; *see also* Ark. Const. art. 2, § 8 (containing nearly identical language). As such, the double jeopardy clauses of the federal and Arkansas constitutions protect criminal defendants from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Wilcox v. State*, 342 Ark. 388, 39 S.W.3d 434 (2000). The Arkansas General Assembly has reiterated this protection in two statutes: (1) Ark. Code Ann. § 5–1–112 (Repl.2006), which provides that "a former prosecution is an affirmative defense to a subsequent prosecution for the same offense" under certain specified circumstances, and (2) Ark.Code Ann. § 5–1–110(a)(5) (Supp.2011), which provides that when the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense unless the conduct constitutes an offense defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that a specific period of the course of conduct constitutes a separate offense. Moreover, constitutional protections, including the prohibition against double jeopardy, apply to nonsummary criminal-contempt prosecutions. *United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993) (holding that double jeopardy precluded prosecution for an offense after the defendant had been held in criminal contempt for said offense); *see also Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (applying the protections afforded by the Due Process Clause to criminal-contempt proceedings).

A person commits the offense of criminal nonsupport when he or she fails to support an illegitimate child who is less than eighteen years of age and whose parentage has been determined in a previous judicial proceeding. Ark.Code Ann. § 5–26–401(a)(3) (Supp.2011). Although nonsupport is categorized as a Class A misdemeanor, the statute provides for an enhancement to Class D felony status where the party owes more than $2500 in past-due child support and the amount represents at least four months of past-due support; a Class C felony if the person owes more than $10,000 but less than $25,000 in past-due child support; or a Class B felony if the person owes more than $25,000 in past-due child support. Ark.Code Ann. § 5–26–401(b). This court has recognized that nonsupport is a continuing offense for statute-of-limitations purposes. *Reeves v. State*, 374 Ark. 415, 288 S.W.3d 577 (2008); *Hampton v. State*, 357 Ark. 473, 183 S.W.3d 148 (2004); *McLennan v. State*, 337 Ark. 83, 987 S.W.2d 668 (1999). A continuing offense is one that is a "continuous act or series of acts set on foot by a single impulse and operated by an unintermittent force." *Cothren v. State*, 344 Ark. 697, 708, 42 S.W.3d 543, 550–51 (2001) (quoting *McLennan v. State*, 337 Ark. 83, 88–89, 987 S.W.2d 668, 671 (1999)). The test to determine if a situation involves a continuing offense is "whether the individual acts are prohibited, or the course of action which they constitute; if the former, then each act is punishable separately; if the latter, there can be but one penalty." *Id.* Put another way, "when the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all unite in swelling a common

stream of action, separate indictments lie." *Id.*

In this instance, the circuit court denied appellant's second motion to dismiss on the grounds that criminal nonsupport was not a continuing offense as defined in *Cothren* and that double jeopardy did not bar the State from prosecuting appellant for any child-support arrearage accruing after the last order holding appellant in criminal contempt on September 23, 2003. We are convinced that the court correctly denied appellant's second motion to dismiss on double-jeopardy grounds.

Although this court has not specifically addressed the criminal-nonsupport statute in this context, other states have held that where a parent fails to provide support following an earlier nonsupport conviction or earlier finding of criminal contempt for failure to support, the parent commits another offense and double jeopardy does not bar prosecution even where nonsupport is considered a continuing offense for other purposes. *Porter v. State*, 935 N.E.2d 1228 (Ind.Ct.App.2010); *People v. Parker*, 275 Mich.App. 213, 738 N.W.2d 257 (2007); *State v. Sweet*, 179 Minn. 32, 228 N.W. 337 (1929); *State v. French*, 79 S.W.3d 896 (Mo.2002); *State v. Johnson*, 212 N.C. 566, 194 S.E. 319 (1937); *State v. Johnson*, 948 S.W.2d 39 (Tex.Ct.App.1997); *but see State v. Rater*, 568 N.W.2d 655 (Iowa 1997) (holding that statutory nonsupport was not intended to be a continuing offense so that double jeopardy did not bar multiple punishments). We are persuaded to follow accordingly. Not allowing a parent to be punished for each instance of nonsupport would frustrate the purpose of our criminal-nonsupport statute. To hold as appellant contends, a parent who failed to pay support and was prosecuted while his or her child was an infant could refuse to support the child thereafter without risk of further criminal penalties. The statute clearly imposes criminal sentences for the avoidance of the duty to support a child, and the severity of the crime and potential length of punishment increases with the amount of the arrearage. Under the statute, a parent who has failed to furnish support can be charged with a misdemeanor for a single occurrence of nonpayment.[2] In addition, the statute clearly contemplates that a parent can be charged with various degrees of felony where the amount of arrearage is higher due to nonpayment over a period of time. Nothing in the statute expressly forbids multiple punishments for separate acts of nonpayment.

As such, the offense of criminal nonsupport is not a continuing offense in the literal sense. Rather, each time appellant failed to pay his child support, he offended his ongoing duty to provide support. Appellant could be separately prosecuted because each act of nonpayment constitutes a distinct criminal act, one that the criminal-nonsupport statute clearly acknowledges can be prosecuted. The severity of the crime and length of sentence are directly related to the amount of arrearage.

Here, the State charged appellant in the amended information with criminal nonsupport and calculated his arrearage based on his failure to pay his child-support obligation from September 24, 2003, until September 30, 2010. Therefore, the State is not seeking to punish appellant for the acts of nonpayment for which he has already been punished. Rather, the State

---

**2.** In fact, the misdemeanor offense of criminal nonsupport does not specifically refer to a failure to make court-ordered child-support payments. Rather, it pertains only to a failure to "support" in the general sense, which would likely include a wider range of punishable behavior.

is attempting to penalize him for a violation of the statute for which he has not yet been punished. Because it is clear that the State is not seeking to punish appellant for failure to pay his support obligation prior to September 24, 2003, we conclude that appellant's prior contempt proceedings do not present a double-jeopardy bar to the State's prosecution for criminal nonsupport in this instance.

Affirmed.

BAKER, J., concurs.

KAREN R. BAKER, Justice, concurring.

I agree that we must affirm the circuit court's denial of Halpaine's motion to dismiss the charge of criminal nonsupport. However, I write separately because I am concerned with the circuit court's finding that Halpaine had been held in criminal contempt for nonsupport. Instead, he was compelled to pay court-ordered support through civil-contempt proceedings. Each order conditioned imprisonment on Halpaine's payment of the child-support arrearage, but we do not have a record to show the conditions of his releases. Where, as here, the penalty is conditioned upon an act within Halpaine's control, payment of child-support arrearages and fines, the relief is civil in nature. *See Fitzhugh v. State*, 296 Ark. 137, 752 S.W.2d 275 (1988). In the prior proceedings, Halpaine carried the keys to his prison in his own pocket. Accordingly, I believe that Halpaine was previously held in civil contempt, and double jeopardy did not bar prosecution for criminal nonsupport.