In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

NO. 09-11-00692-CR
NO. 09-11-00693-CR

_____

**JASON RAY MCFARLIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 163rd District Court**
**Orange County, Texas**
**Trial Cause Nos. B-110416-R and B-110419-R**

**MEMORANDUM OPINION**

Following the denial of his special pleas of double jeopardy and, without the benefit of a plea bargain agreement, Jason Ray McFarlin pleaded guilty to separate indictments alleging four counts of criminal nonsupport. *See* Tex. Penal Code Ann. § 25.05(a) (West 2011). The trial court sentenced McFarlin to twenty-four months of confinement in a state jail facility and a $10,000 fine in each case and ordered the sentences to be served consecutively. On appeal, McFarlin contends the prosecutions

were barred by a prior criminal contempt judgment and that the cumulation order punishes him twice for the same offense. We affirm the trial court's judgments.

The two indictments alleged that a final divorce decree, signed on August 11, 1999, in Cause No. 38928 in the 356th District Court of Hardin County, required McFarlin to support the minor children named in the indictments. A June 24, 2008 order of the Hardin County court held McFarlin in contempt for failing to pay child support on January 1, 2006, February 1, 2006, March 1, 2006, and April 1, 2006, assessed concurrent 180-day sentences, and placed McFarlin on community supervision for 120 months. In a revocation order signed on July 11, 2011, the Hardin County court committed McFarlin for violating the terms of his community supervision by failing to pay $500 child support and $250 arrearage on August 1, 2010, September 1, 2010, October 1, 2010, and November 1, 2010. The Orange County indictments at issue in this appeal allege McFarlin failed to provide support for each child on August 1, 2009, October 1, 2009, December 1, 2009, and February 1, 2010. Thus the acts of nonsupport specified in the Orange County indictments occurred between the acts of nonsupport for which McFarlin was initially held in criminal contempt and for which that supervision was revoked and the contempt sentence was imposed.[1]

McFarlin concedes on appeal that each month a defendant fails to make a child support payment constitutes a separate offense that may be successfully prosecuted. *See*

---

[1] The judgments credit McFarlin's sentences for pre-trial incarceration from July 11, 2011 to November 9, 2011.

*State v. Johnson*, 948 S.W.2d 39, 40 (Tex. App.—Houston [14th Dist.] 1997, no pet.). He argues double jeopardy arises not from the contempt portion of the 2008 order, but from the confirmation of arrearage and reduction to a judgment in the amount of $67,855.01 in favor of the Office of the Attorney General. *See* Tex. Fam. Code Ann. § 157.263 (West Supp. 2012).[2] Contempt and judgment for arrearage are separate and distinct remedies, and pursuing a remedy of a judgment for arrearage does not preclude enforcement of the obligation by contempt. *In re Dickinson*, 829 S.W.2d 919, 921 (Tex. App.—Amarillo 1992, no writ); *see also* Tex. Fam. Code Ann. § 157.162(b) (West Supp. 2012) ("A finding that [a child support obligor] is not in contempt does not preclude the court from ordering any other enforcement remedy[.]"). The Hardin County arrearage judgment is a debt, not a punishment for disobedience to the court. *See* Tex. Fam. Code Ann. § 157.264(a) (West Supp. 2012). The punishment imposed on McFarlin in the Hardin County proceedings is unrelated to the acts of criminal nonsupport that are at issue in these appeals. *See Johnson*, 948 S.W.2d at 40 n.3. The trial court did not err in denying the appellant's special pleas of double jeopardy. We overrule issue one.

In his second issue, McFarlin contends the trial court improperly cumulated his sentences. He claims the divorce decree required a single payment of $500 each month

---

[2] Because the 2011 amendment does not affect this appeal, we cite the current version of the statute.

3

for both children.[3] He argues the cumulation order is a jeopardy-barred multiple punishment because the indictments concern the same payments on the same dates to the same obligee and are, therefore, the same offense for purposes of a jeopardy analysis.

Whether punishment for the repeated commission of the same offense is barred by double jeopardy depends upon the allowable unit of prosecution. *See Ex parte Hawkins*, 6 S.W.3d 554, 557 (Tex. Crim. App. 1999). What constitutes multiple punishments is a function of legislative will. *Ex parte Chaddock*, 369 S.W.3d 880, 885-86 (Tex. Crim. App. 2012). We look first to the plain text of the statute. *Harris v. State*, 359 S.W.3d 625, 630 (Tex. Crim. App. 2011). Absent an explicit statement of the allowable unit of prosecution, the gravamen of the offense provides the best indicator of legislative intent regarding the unit of prosecution. *Id.* Grammar aids our ascertainment of the gravamen of the offense. *Id.*

"An individual commits an offense if the individual intentionally or knowingly fails to provide support for the individual's child younger than 18 years of age, or for the individual's child who is the subject of a court order requiring the individual to support the child." Tex. Penal Code Ann. § 25.05(a). The subject is "an individual," the verb phrase is "fails to provide support" and the infinitive phrase used as the direct object is "to provide support." *See id.* The remaining elements are prepositional or adverbial phrases that define the circumstances in which the act of nonsupport amounts to an

---

[3] The divorce decree was not in evidence in the trial court and does not appear in the appellate record.

offense; that is, the child is younger than eighteen or is the subject of a court order requiring the individual to support the child. The reference to an item in the singular suggests that each instance of that item is a separate unit of prosecution. *Harris*, 359 S.W.3d at 630. Here, the singularity relates to the prepositional phrase.

Another aid in determining the gravamen of the offense is to identify whether the focus of the offense is the result of the conduct, the nature of the conduct, or the circumstances surrounding the conduct. *Huffman v. State*, 267 S.W.3d 902, 907 (Tex. Crim. App. 2008). For example, in failing to stop and render aid, prosecution may be had for each unaided victim. *Spradling v. State*, 773 S.W.2d 553, 556-57 (Tex. Crim. App. 1989). Those who are victims of an accident and who need assistance should be aided by those who are capable of doing so. *Id.* at 557. Where the legislative intent is to aid all victims in a hit-and-run accident, that intent may be enforced through punishment for each individual not so aided. *Id.*

This statute is similar to the offense of failure to stop and render aid. The legislative enactment requires a person to provide support to that person's child under circumstances where that child is younger than eighteen years of age or that child is the subject of a support order. Tex. Penal Code Ann. § 25.05(a). The act punished by section 25.05 is not the disobedience of the court order but the failure to provide support to the child. The focus of the statute is not the court order, but the child. Here, there are two children whose well-being is endangered by their father's failure to support them,

5

and McFarlin's failure to support each child is a distinguishable discrete act that is a separate violation of the statute. *Hawkins*, 6 S.W.3d at 556. The double jeopardy clause does not bar punishment for McFarlin's failure to support each child.

The trial court conducted separate proceedings on each indictment. *See* Tex. Code Crim. Proc. Ann. art. 42.08 (West Supp. 2012). Under these circumstances, the trial court could order the sentences to be served consecutively. *Id.* We overrule issue two and affirm the judgments.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on September 26, 2012
Opinion Delivered January 23, 2013
Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.