

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-16-787

|  |  |
|---|---|
| | **Opinion Delivered** May 10, 2017 |
| MYRICKKI J. MCCLENDON | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| APPELLANT | [NOS. 60CR-08-2532, 60CR-08-3461, 60CR-09-4215] |
| V. | |
| STATE OF ARKANSAS | HONORABLE LEON JOHNSON, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## DAVID M. GLOVER, Judge

Appellant Myrickki J. McClendon brings this interlocutory appeal from the Pulaski County Circuit Court's denial of his motion to dismiss rape charges against him on the basis of double jeopardy. On appeal, McClendon contends the circuit court's denial of his motion to dismiss was clearly erroneous. We affirm.

McClendon was convicted by a jury of raping an eight-year-old female; based on the rape conviction, McClendon's probation in two separate cases was also revoked. McClendon was sentenced to twenty-five years in prison on the rape conviction, and he was sentenced to six years' imprisonment on each of the probation revocations, with those sentences to run concurrently with his sentence for rape. In *McClendon v. State*, 2012 Ark. App. 479, our court reversed and remanded, holding that the circuit court abused its discretion when it failed to allow extrinsic evidence of the rape victim's prior inconsistent

statements (statements overheard by two people unrelated to the case that the victim had stated after her testimony that she had lied on the witness stand).

Pursuant to the reversal and remand of the case, a second trial was set, a jury was selected, and a trial was held on January 27–28, 2016. In order not to prejudice the jury, defense counsel requested that the witnesses who had testified in McClendon's first trial be directed not to refer to the prior trial but rather to a prior hearing. The prosecutor indicated that would not be a problem. He stated all witnesses had been instructed that if prior testimony was referenced, it would be discussed as a prior hearing. He emphasized that while he did not believe it would be an issue, he recognized people are human and prone to mistakes.

Testimony from various witnesses was taken on the first day of trial. The last witness on day one was Monita Marbley, who testified she was one of two sisters who allegedly overheard the victim (in the courthouse hallway, after she had finished testifying at the first trial) tell two women she "did it," she "got up there and I said everything you told me to say," and then stated, "I lied." On the second day of trial, Roshonda Marbley testified that while she was sitting in the hallway of the courthouse for another case, a little girl (the victim) came out of the courtroom and excitedly said she "did it" and then said, "I lied." She stated she was asked to relay to the circuit court what she and her sister had overheard, which she agreed to do. On cross-examination, the prosecutor asked Roshonda, "So back in 2011 when y'all were here, y'all were here in connection to a case in another courtroom, right?" When Roshonda answered affirmatively, the prosecutor then stated, "And that was a trial as well." Defense counsel then asked for a mistrial on the basis the comment implied

2

there had been a previous trial. The State resisted the motion, stating that it could imply the prosecutor was referring to the trial currently taking place. The circuit court took a short break, after which it found it had no choice but to grant the mistrial. The prosecutor argued he could clarify, contending his statement was not prejudicial to McClendon. Defense counsel countered that a limiting instruction would not be sufficient, because the "bell ha[d] been rung." The circuit court agreed with defense counsel and granted a mistrial, although it stated it knew the prosecutor's comment was not intentional.

McClendon's third trial was scheduled to begin on June 7, 2016. On May 20, 2016, McClendon requested a motion for continuance in order to file a motion to dismiss the rape charge based on double jeopardy pursuant to *Oregon v. Kennedy*, 456 U.S. 667 (1982). On June 3, 2016, McClendon filed his motion to dismiss based on double jeopardy; on the same day, the State filed its response to McClendon's motion, requesting that McClendon's motion be denied. After a hearing, the circuit court denied McClendon's motion on June 6, 2016, and McClendon filed a notice of interlocutory appeal that same day. On appeal, McClendon argues the circuit court was clearly erroneous in denying his motion to dismiss.

During the June 6 hearing, the State called three witnesses. Robbie Jones, the prosecutor on the McClendon case, testified that when he questioned the Marbley sisters, he was trying to establish why they were at the courthouse, the timing of the incident with the rape victim, the fact there was a lot of activity going on in the hallway at the time and possibly the sisters did not actually hear what the victim had said, and a reason and context for the Marbley sisters' presence at the courthouse. Jones admitted that while questioning Roshonda Marbley, he made the statement that she was at the courthouse for a "trial" as

well, which prompted the mistrial. He explained: (i) after the mistrial was granted, he remained in the courthouse for a considerable period of time, visiting with the victim's mother, and (ii) it was at this time, while speaking with other attorneys that another prosecutor, Kelly Ward, suggested a DNA swab could be taken from the victim then since she was present for trial.[1] The victim's DNA had never been analyzed because she was residing in Illinois. Jones explained he did not feel the need to establish forensically that the underwear belonged to the victim, but with the victim being available due to the trial, he thought it would be "prudent" to establish by DNA evidence whether the underwear belonged to her.

Kelly Ward testified that after the mistrial, Jones was visibly upset; when she asked what happened, Jones told her that he had "messed up" and there had been a mistrial. Ward said it was only while she was talking to Jones that it occurred to her a DNA swab could be obtained from the victim, which she suggested to Jones.

Little Rock Police Department Detective Sarah Hicks testified she received a call January 28, 2016, from Jones informing her there had been a mistrial in the McClendon case and requesting she meet him at the prosecutor's office. Hicks reported she collected a DNA swab from the victim on that day. At the conclusion of this testimony, the circuit court denied the motion to dismiss.

The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be put twice in jeopardy of life and limb." Article

---

[1]McClendon's DNA had been found in underwear taken from the victim's home, and it was mixed with the DNA of an unknown female contributor.

2, section 8 of the Arkansas Constitution provides, "[N]o person, for the same offense, shall

be twice put in jeopardy of life or liberty." It has long been recognized that a defendant has

the right to an immediate interlocutory appeal from the denial of a motion to dismiss on

the basis of double jeopardy. *Cox v. State*, 2012 Ark. App. 499, 423 S.W.3d 131. A circuit

court's denial of a motion to dismiss on double-jeopardy grounds is reviewed de novo.

*Halpaine v. State*, 2011 Ark. 517, 385 S.W.3d 838. When there is a mixed question of law

and fact, the circuit court's factual determinations are given due deference and are not

reversed unless clearly erroneous; however, the circuit court's ultimate decision regarding

whether a defendant's protection against double jeopardy was violated is reviewed de novo,

with no deference given to the circuit court's decision. *Id.*

In *Kennedy*, 456 U.S. at 672 (1982) (citations omitted), the United States Supreme

Court held:

> The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense. As a part of this protection against multiple prosecutions, the Double Jeopardy Clause affords a criminal defendant a valued right to have his trial completed by a particular tribunal. The Double Jeopardy Clause, however, does not offer a guarantee to the defendant that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding. If the law were otherwise, the purpose of the law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again.

The *Kennedy* Court further held that when a mistrial is granted over the objection of

a defendant, the test for lifting the double-jeopardy bar is whether the mistrial was a

"manifest necessity"; however, when the mistrial is at the behest of a defendant, the

defendant has elected to terminate the proceedings against himself, and the "manifest

necessity" standard is not applicable. *Id.* There is a narrow exception to the rule that the

Double Jeopardy Clause will not bar retrial when it is a defendant who moves for a mistrial—only when the governmental conduct in question is intended to "goad" a defendant into moving for a mistrial may a defendant raise the bar of double jeopardy. *Kennedy*, 456 U.S. at 676. The examination of the prosecutor's intent calls for the circuit court to make a finding of fact by inferring the existence or nonexistence of intent from objective facts and circumstances. *Jackson v. State*, 322 Ark. 710, 911 S.W.2d 578 (1995) (citing *Kennedy*, 456 U.S. 667).

McClendon argues the circuit court's finding of fact that the State did not intend to provoke his motion for mistrial is clearly erroneous. In support of his contention, he argues the State provoked him to move for a mistrial to take a DNA sample from the victim. McClendon further asserts the testimony from the Marbley sisters "destroyed" the victim's credibility, and the State, realizing the "devastating effect" such testimony would have on the victim's credibility, believed it was then necessary to collect a DNA sample from the victim to compare her DNA to the unknown female DNA found on the underwear containing McClendon's semen and sperm cells to bolster her credibility.

We cannot agree with McClendon's assertions. The State argued against the mistrial but was ultimately unsuccessful; it is apparent the State wanted to continue with McClendon's second trial. Furthermore, there was testimony regarding how upset Jones was after the mistrial, and Ward testified it was only after she learned of the mistrial that it occurred to her to obtain a DNA swab from the victim while the victim was present for the trial. McClendon offered no evidence to refute this testimony; rather, he relies on speculative assertions that the State believed the trial was going badly and the victim's

6

credibility had been damaged by the Marbley sisters' testimony. While McClendon attached an affidavit from Laura Calhoun stating that a female juror walked up to Jones after the mistrial and stated that someone had "dropped the ball," there is no context to this statement, and there is no indication the statement was aimed at the sufficiency of the State's evidence. There is nothing in the evidence presented to indicate the State intentionally goaded McClendon into requesting a mistrial.

As in *Atchley v. State*, 68 Ark. App. 16, 2 S.W.3d 86 (1999), the circuit court in the present case found that the prosecutor's conduct was not intentional. Also, as in *Atchley*, the record in the present case supports the circuit court's finding that the State did not intentionally goad McClendon into moving for a mistrial.

Affirmed.

VIRDEN and HARRISON, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

SLIP OPINION