Adrian Juergen ZAWODNIAK *v.* STATE of Arkansas

CR 99-594                                   3 S.W.3d 292

Supreme Court of Arkansas
Opinion delivered October 28, 1999

*William R. Simpson, Jr.*, Public Defender; *Jeffrey A. Weber*, Deputy Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp*, Ass't Att'y Gen., for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellant, Adrian Juergen Zawodniak, brings this interlocutory appeal from the Pulaski County Circuit Court's denial of his motion to dismiss a simultaneous-possession-of-drugs-and-firearm charge, pursuant to Article 2, section 8, of the Arkansas Constitution. The instant case presents the second appeal in this matter, following our decision in *State v. Zawodniak*, 329 Ark. 179, 946 S.W.2d 936 (1997), *cert. denied*, 118 S. Ct. 1072 (1998). Accordingly, our jurisdiction is authorized pursuant to Ark. Sup. Ct. Rule 1-2(a)(1), (7) (1999).

In 1995, Zawodniak was charged with (1) simultaneous possession of drugs and a firearm, and (2) possession of drug paraphernalia. However, following a bench trial on March 11, 1996, he was found guilty of (1) possession of a controlled substance, and (2) possession of drug paraphernalia. We held in *Zawodniak* that the trial court erred by engrafting an element of proof not required under the simultaneous-possession statute and by granting appellant's directed-verdict motion with respect to that charge. *Zawodniak*, 329 Ark. 179, 946 S.W.2d 936 (1997).

In light of the trial court's error in the first appeal, we also considered Zawodniak's argument that his retrial on the simultaneous-possession charge would be barred by federal and state double-jeopardy provisions. We concluded that appellant's retrial would not violate the double-jeopardy provisions, and we noted that retrial was warranted where the trial court applied an erroneous law because the defendant would be afforded the opportunity to obtain a fair adjudication of guilt. *Zawodniak*, 329 Ark. at 185, 946 S.W.2d at 939.

During the retrial in circuit court, Zawodniak again moved for dismissal on double-jeopardy grounds. After hearing arguments, Special Judge Willard J. Proctor determined that the trial court was bound by our prior decision in *Zawodniak* and, in an order dated

February 19, 1999, denied appellant's motion to dismiss. From that order comes the instant appeal. We find no merit in appellant's argument, and we affirm the trial court's decision based upon the law-of-the-case doctrine.

### Law-of-the-case doctrine

Appellant's sole point in this interlocutory appeal challenges the trial court's denial of his motion to dismiss and, specifically, its finding that his pending felony prosecution for simultaneous possession of drugs and a firearm is not barred by the Arkansas constitutional prohibition against double jeopardy nor by Ark. Code Ann. section 5-1-112 (Repl. 1997). *See* Ark. Const. art. 2, § 8. Significantly, an order denying a motion to dismiss based upon double-jeopardy considerations is an appealable decision. *Edwards v. State*, 328 Ark. 394, 943 S.W.2d 600 (1997); *Sherman v. State*, 326 Ark. 153, 931 S.W.2d 417 (1996). In the instant appeal, Zawodniak merely reargues his previous challenges to his prosecution for simultaneous possession of drugs and a firearm. He contends that a retrial would violate the protection afforded him by the Double Jeopardy Clauses of the United States and Arkansas Constitutions. The Double Jeopardy Clause protects a defendant from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. Johnson*, 330 Ark. 636, 956 S.W.2d 181 (1997) (citing *Edwards v. State*, 328 Ark. 394, 943 S.W.2d 600 (1997) (citing *Schero v. Farley*, 510 U.S. 222 (1994))).

Notably, appellant concedes that he sought dismissal on identical grounds in the original appeal of this case, namely, that retrial would violate both his federal and state constitutional rights. In response to the appellant's renewed state constitutional objections, the State contends that our review of these arguments is barred by the law-of-the-case doctrine. We agree.

The doctrine of the law of the case provides that the "decision of an appellate court establishes the law of the case for the trial upon remand and for the appellate court itself upon subsequent review." *Washington v. State*, 278 Ark. 5, 7, 643 S.W.2d 255, 256 (1982) (citing *Mayo v. Ark. Valley Trust Co.*, 137 Ark. 331, 209 S.W. 276 (1919)). Although we noted in *Washington* that the doctrine is

not inflexible and does not absolutely preclude error, we have also held that the doctrine prevents an issue raised in a prior appeal from being raised in a subsequent appeal "unless the evidence materially varies between the two appeals." *See Washington*, 278 Ark. at 7, 643 S.W.2d at 256 (citing *Ferguson v. Green*, 266 Ark. 556, 557, 587 S.W.2d 18 (1979)); *see also Fairchild v. Norris*, 317 Ark. 166, 170, 876 S.W.2d 588 (1994). We adhere to this doctrine to preserve consistency and to avoid reconsideration of matters previously decided. *Fairchild*, 317 Ark. at 170, 876 S.W.2d at 591. Significantly, the law-of-the-case doctrine extends to issues of constitutional law. *Id.* (citing *Bedell v. State*, 260 Ark. 401, 541 S.W.2d 297 (1976), *cert. denied*, 430 U.S. 931 (1977)); *see also Findley v. State*, 307 Ark. 53, 818 S.W.2d 242 (1991).

Although the majority in *Zawodniak* did not specifically address the state constitutional argument, we examined the merits of all of appellant's double-jeopardy arguments in the first appeal, and our ruling was adverse to appellant. Moreover, Justice Newbern's concurring opinion demonstrates that the court considered appellant's state double-jeopardy arguments. Specifically, Justice Newbern noted that:

> Mr. Zawodniak has urged that a retrial would violate his double-jeopardy rights under both the United States Constitution and the Arkansas Constitution, but he has neither argued that the latter affords greater protection than the former nor presented us with any other "independent and adequate state ground" on which to decide this case.

*Zawodniak*, 329 Ark. at 190, 936 S.W.2d at 942 (J. NEWBERN, concurring) (citing *Michigan v. Long*, 463 U.S. 1032 (1988)). Similarly, Justice Newbern's comment reflects that the majority implicitly considered the merits of appellant's statutory challenge, pursuant to Ark. Code Ann. § 5-1-112 (Repl. 1997). Section 5-1-112 codifies constitutional double-jeopardy principles and affords no greater protection than the constitutional prohibition.

In light of the foregoing, our consideration of identical issues in the prior appeal makes our holding in *Zawodniak* the law of the case as to this subsequent appeal. *See Mauppin v. State*, 314 Ark. 566, 567, 865 S.W.2d 270, 270 (1993); *Henderson v. State*, 311 Ark. 398, 401, 844 S.W.2d 360, 362 (1993). Moreover, there is neither

an allegation for correction of an error nor of evidence that materially varies from the prior appeal. Zawodniak merely reargues the merits of his former constitutional challenges, which we considered and rejected. Pursuant to the law-of-the-case doctrine, we conclude that the appellant's arguments provide no basis for relief in the instant appeal. Accordingly, we decline to reach the merits of appellant's remaining arguments, and we affirm.