Prentis Lee WINKLE *v.* STATE of Arkansas

CR 05-862                                                    235 S.W.3d 482

Supreme Court of Arkansas
Opinion delivered May 11, 2006

[Rehearing denied June 22, 2006.]

*Gregory Hoover* and *James E. Davis*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

Tom Glaze, Justice. This interlocutory appeal considers whether the Double Jeopardy Clause bars the State from prosecuting a defendant for statutory rape after he has been acquitted by a federal jury of transporting a female under the age of eighteen across state lines with the intent to engage in criminal sexual activity. This court has frequently noted that an order denying a motion to dismiss based upon double-jeopardy considerations is an appealable decision. *See, e.g., Zawodniak v. State*, 339 Ark. 66, 3 S.W.3d 292 (1999); *Sherman v. State*, 326 Ark. 153, 931 S.W.2d 417 (1996) (citing *Abney v. United States*, 431 U.S. 651 (1977)).

Appellant Prentis Winkle was charged in federal court with three counts of violating 18 U.S.C. § 2423(a), the "Mann Act," by "knowingly transport[ing] a female, who at that time was under the age of eighteen years, in interstate commerce from the State of

Texas to the State of Arkansas, with intent that such female engage in sexual activity under such circumstances as would constitute a criminal offense" under Ark. Code Ann. § 5-14-103(a)(1)(C)(i) (Supp. 2001). The charges stemmed from allegations that, on three occasions in June and July of 2003, Winkle took a then-thirteen-year-old girl from Texas to Arkansas, where he had sexual intercourse with her; two of those counts specifically alleged that Winkle took the girl from Mount Pleasant, Texas, to Ashdown, Arkansas. The case was tried to a federal jury on December 15, 2003, which acquitted Winkle on all three counts.

On May 19, 2004, however, the Miller County prosecuting attorney filed a criminal information charging Winkle with one count of statutory rape; the information alleged that, on July 1 and July 2, 2003, Winkle engaged in sexual intercourse or deviate sexual activity with one who was less than fourteen years of age. Winkle filed a motion to dismiss the charges on September 2, 2004, in which he contended that the Arkansas rape prosecution was barred by application of the Double Jeopardy Clause. The Miller County Circuit Court denied Winkle's motion in an order entered on March 18, 2005. Winkle filed a timely notice of appeal, and now continues his arguments that double jeopardy barred Arkansas from seeking to try him for rape.

The standard of review for the denial of a motion to dismiss on double-jeopardy grounds has been expressed by our court of appeals in *Muhammad v. State*, 67 Ark. App. 262, 998 S.W.2d 763 (1999). When reviewing a denial of a motion to dismiss for violation of the Double Jeopardy Clause, typically a question of law, a *de novo* review should be conducted. *Muhammad*, 67 Ark. App. at 265, 998 S.W.2d at 764 (citing *United States v. Brekke*, 97 F.3d 1043 (8th Cir. 1996)). It has also been held that when the analysis presents itself as a mixed question of law and fact, the factual determinations made by the trial court are given due deference and are not reversed unless clearly erroneous. *Id.* (citing *Garrity v. Fielder*, 41 F.3d 1150, 1151 (7th Cir. 1994)). However, the trial court's ultimate conclusion that the Double Jeopardy Clause was or was not violated is reviewed *de novo*, with no deference. *See id.*

On appeal, Winkle asserts four reasons why double jeopardy should preclude the State of Arkansas from trying him for rape: 1) the State charges he presently faces were committed in the same course of conduct and are of the same character as the federal charges of which he was acquitted; 2) the offense charged in the

State case does not require the proof of any facts other than those that were used in evidence during the trial that led to his acquittal in federal court; 3) the law defining each of the offenses is intended to prevent the same harm; 4) the acquittal by the federal jury necessarily decided whether he violated the Arkansas rape statute.

The question of when a former prosecution in another jurisdiction serves as a bar to a subsequent prosecution is addressed in Ark. Code Ann. § 5-1-114 (Repl. 2006), which provides as follows:

> When conduct constitutes an offense within the concurrent jurisdiction of this state and of the United States or another state or territory thereof, *a prosecution in any such other jurisdiction is an affirmative defense to a subsequent prosecution in this state* under the following circumstances:
>
> (1) The *first prosecution resulted in an acquittal* or in a conviction as set out in § 5-1-112, *and the subsequent prosecution is based on the same conduct unless*:
>
> (A) The offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted *each requires proof of a fact not required by the other, and the law defining each of the offenses is intended to prevent a substantially different harm or evil*; or
>
> (B) The second offense was not consummated when the former trial began.
>
> (2) The former prosecution was terminated by an acquittal or by a final order or judgment for the defendant which has not been set aside, reversed, or vacated and which *required a determination inconsistent with a fact which must be established for the conviction of the offense for which the defendant is subsequently prosecuted.*

(Emphasis added.)

This court has held that, when the federal and subsequent state prosecutions are based on different conduct at different times and places, the Double Jeopardy Clause does not bar the subsequent state prosecution. *See State v. McMullen,* 302 Ark. 252, 789 S.W.2d 715 (1990). In that case, the defendant, McMullen, was an Arkansas State Police officer who stopped a car for speeding and subsequently discovered a quantity of marijuana in the vehicle. The two men in the car "told McMullen they could make him rich," and McMullen did not arrest the men for possession of

marijuana. Instead, McMullen kept the marijuana and eventually traveled to meet the men in Texas, where they gave him twelve bags of marijuana weighing 302 pounds. McMullen was arrested by Texas authorities and was charged in both federal and Arkansas state courts. He pleaded guilty to the federal charges of conspiracy to possess more than 100 kilograms of marijuana with intent to distribute. Shortly thereafter, McMullen moved to dismiss the state charges of public servant bribery and possession of less than ten pounds of marijuana with intent to deliver. The trial court granted his motion, and the State appealed.

Our court reversed, holding that the federal and state charges were based on different conduct. The federal charges, the court noted, arose from McMullen's activities in Texas where he received over 300 pounds of marijuana; the state charges, on the other hand, stemmed from his conduct in taking the marijuana from the two men during the traffic stop. The court held that, "[c]onsequently, the underlying conduct upon which the federal conviction and the Arkansas charge are based is not the same, and the former jeopardy protection provided in section 5-1-114 does not apply." *McMullen*, 302 Ark. at 255.

Accordingly, if Winkle's federal and state charges were not based on the same conduct, the former federal prosecution would not serve as an affirmative defense to the subsequent state prosecution. Winkle was charged in federal court under 18 U.S.C. § 2423(a), "Transportation with intent to engage in criminal sexual activity," which provides as follows:

> A person who *knowingly transports an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense,* shall be fined under this title and imprisoned not less than 5 years and not more than 30 years.

(Emphasis added.) Thus, the federal charges were based on Winkle's actions in transporting the victim across the state line with the intent for the victim to engage in sexual activity.

■ The Arkansas rape statute, on the other hand, is violated when a person "engages in sexual intercourse or deviate sexual activity with another person . . . who is less than fourteen (14) years of age." Ark. Code Ann. § 5-14-103(a)(1)(C)(i) (Supp. 2001). Thus, it is the act of engaging in sexual activity that leads to

rape charges. The federal act, in contrast, does not require the defendant to engage in sexual activity; instead, the criminal conduct in the federal statute is the act of crossing the state line with a certain intent. For this reason, the federal and state charges are based on different conduct, and the double-jeopardy protection found in § 5-1-114 does not apply.

Although the *McMullen* court ended its analysis after it determined that the federal and state charges were based on different conduct, in the instant case, the State urged this court at oral argument to consider the remaining subsections of § 5-1-114. As noted above, a prosecution in another jurisdiction is an affirmative defense to a subsequent prosecution in this state if the first prosecution resulted in an acquittal, and the subsequent prosecution is based on the same conduct, unless the offense of which the defendant was formerly acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other, and the law defining each of the offenses is intended to prevent a substantially different harm or evil. § 5-1-114(1)(A).

■ In the instant case, Winkle urges that the Arkansas statute does not require any element that the federal statute does not require. This argument, however, is patently wrong. The Arkansas rape statute, as applied in this case, provides that a person commits rape if he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen years of age. § 5-14-103(a)(1)(C)(i). The federal statute, in contrast, does not contain an element requiring proof of sexual activity. Rather, it requires proof of a defendant's knowing transportation of an individual under the age of eighteen years in interstate commerce; in addition, it requires proof that the defendant intend that the minor engage in either prostitution or some criminal sexual activity. 18 U.S.C. § 2423(a). Thus, a violation of the Mann Act is complete as soon as a defendant crosses the state line with the requisite intent; a violation of the Arkansas rape law is complete when the defendant engages in sexual relations with a child. Clearly, these statutes each require proof of different elements.

In addition, the two different statutes are intended to prevent substantially different harms or evils. "What Congress has outlawed by the Mann Act . . . is *the use of interstate commerce* as a calculated means for effectuating sexual immorality." *Reamer v. United States*, 318 F.2d 43, 47 (8th Cir. 1963) (quoting *Mortensen v. United States*, 322 U.S. 369 (1944) (emphasis added). The *Reamer*

court noted that, "so far as the interstate feature is concerned, consummation of intercourse and its . . . situs [in one state or the other] are of no ultimate legal significance[.]" *Id.* at 49. "If the necessary intent is present and there is knowing interstate transportation, it is immaterial whether the immoral act took place or whether there was consummation. Actual fulfillment of the purpose is not necessary." *Id.* Thus, the federal statute does not require "fulfillment of the purpose," while the Arkansas statute is plainly addressed at preventing that "fulfillment."

Another purpose of the federal act is evident in the statute's language criminalizing the defendant's "intent that the individual [under the age of 18] engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense." The act was thus not necessarily aimed at preventing the *defendant* from engaging in a sexual activity with the minor; the act was intended to protect the minor from being taken across state lines and made to engage in sexual activity with *anyone*, whether through prostituting the minor or by other means.

The Arkansas statute, on the other hand, is directed at criminalizing *the actions of the defendant* in engaging in sexual intercourse or deviate sexual activity with one under the age of fourteen. *See Gaines v. State*, 354 Ark. 89, 102, 118 S.W.3d 102, 109 (2003) (noting that "one of the most obvious duties" of the General Assembly is to "protect children from sexual crimes against which children are virtually defenseless"). Accordingly, it is clear that the federal and state statutes are aimed at different harms or evils. For these reasons, Winkle's acquittal in federal court does not operate as a bar to the state prosecution under § 5-1-114(1)(A).

However, Winkle raises a further argument under § 5-1-114(2), which provides that a prosecution in another jurisdiction is an affirmative defense to a subsequent state prosecution if "the former prosecution was terminated by an acquittal . . . and which required a determination inconsistent with a fact which must be established for the conviction of the offense for which the defendant is subsequently prosecuted." He maintains that the Government's case in federal court consisted of testimony[1] that Winkle committed rape under Arkansas law by having sexual relations with a female under fourteen years old, and he asserts that he

---

[1] Winkle did not abstract any of the testimony from the federal trial.

conceded the "transportation" element of the federal crime. Therefore, he concludes, the federal jury must have found that he had no intent to have the minor engage in prohibited sexual activity, and the federal acquittal therefore functions as a *res judicata* bar to the state charges.

■ We disagree. Under the federal law, it is the act of crossing the state line with the intent that the minor engage in sexual activity that forms the crux of the offense; as discussed above, the defendant need not ever engage in sexual relations with the victim. However, the state law criminalizes the act of intercourse with the minor, and because statutory rape is a strict liability crime, the defendant's intent is irrelevant. *See Gaines, supra.* We agree with the State's summation in its brief that "the federal jury's acquitting him of [having an] illicit intent when crossing into Arkansas does not absolve him of [committing] an alleged illicit act . . . once in the State." Thus, a state jury's verdict that an act of statutory rape occurred in Arkansas would not necessarily be inconsistent with a federal jury's finding that, at the point in time when Winkle transported the minor across state lines, he did not intend for the minor to engage in sexual activity. Accordingly, the federal acquittal does not provide a *res judicata* bar to the state prosecution.

Affirmed.