SLIP OPINION



Cite as 2017 Ark. 313

# SUPREME COURT OF ARKANSAS

No. CR–17–198

| | | |
|---|---|---|
| FRED LEE WILLIAMS | | **Opinion Delivered** November 9, 2017 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-13-33] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE SAM POPE, JUDGE |
| | | AFFIRMED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

Appellant Fred Lee Williams brings this appeal from the trial court's dismissal of his pro se petition for writ of error coram nobis.[1]  Williams argues that the writ should have been issued because the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), suborned perjury and breached the agreement he entered into with the State before entering a plea of guilty by not disclosing to the defense certain statements to the police and concealing the testimony of a witness at a trial in another case.[2]  He further argues that the trial court erred

---

[1] The trial court first entered an order dismissing the petition on the basis that Williams had not obtained this court's permission to file it but subsequently entered a second order noting that it had jurisdiction to consider the petition because Williams had entered a plea of guilty in the case.  In the second order from which this appeal is taken, the court considered all of Williams's pleadings in support of his request for the writ, submitted both before and after the initial order was entered.

[2] Although the order in this appeal concerns Williams's plea of guilty in 2014 to the offense of felon in possession of a firearm, the allegations in the coram nobis pleadings that Williams filed overlapped significantly with claims that he raised in this court in a separate criminal case.  In 2014, Williams was found guilty by a jury of murder in the first degree and abuse of a corpse.  We affirmed. *Williams v. State*, 2015 Ark. 316, 468 S.W.3d 776,

by treating his petition as a petition claiming relief on grounds of ineffective assistance of counsel and not addressing his *Brady* allegations and his claim that he is innocent.[3]  Because we hold that the trial court's dismissal of the petition was not an abuse of discretion, we affirm.  *See State v. Tejeda–Acosta*, 2013 Ark. 217, 427 S.W.3d 673.

A writ of error coram nobis is an extraordinarily rare remedy.  It is allowed only under compelling circumstances to achieve justice and to address fundamental errors, which fall in one of four categories: (1) insanity at the time of trial; (2) a coerced guilty plea; (3) material evidence withheld by the prosecutor; or (4) third-party confession to the crime during the time between conviction and appeal.  *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000).  Williams did not establish in his petition that his claims for relief fit within one of the four categories.

The trial court did not abuse its discretion by treating Williams's coram nobis petition as a petition raising claims of ineffective assistance of counsel because Williams's allegations, while couched as *Brady* violations, centered on the claim that his attorney when he entered his plea did not competently represent him.  Specifically, Williams asserted in his

---

*reh'g denied* (Oct. 29, 2015).  Williams filed a coram nobis petition in this court with respect to that conviction in which he raised most, if not all, of the issues that he later advanced in the trial court as grounds for relief pertaining to the felon-in-possession-of-a-firearm conviction.  We held that Williams had not established that the State withheld evidence in violation of *Brady* and denied the petition.  *Williams v. State*, 2017 Ark. 145, 516 S.W.3d 722 (per curiam).

[3] Williams raised additional claims in the coram nobis pleadings filed below.  Claims raised below but not argued on appeal are considered abandoned.  *E.g.*, *Luper v. State*, 2016 Ark. 371, 501 S.W.3d 812.

coram nobis petition that his plea was involuntary because his attorney gave him "infirm legal advice," did not develop a defense to the charge of felon-in-possession-of-a-firearm, and did not pursue an effective defense at his jury trial on other charges. His allegations concerning his plea of guilty were founded on assertions that his attorney did not effectively employ the evidence that was available to refute all of the charges against him, including the charge to which he pleaded guilty and other charges. Ineffective-assistance-of-counsel claims are properly raised under Arkansas Rule of Criminal Procedure 37.1 (2016), and error coram nobis proceedings are not a substitute for proceedings under the Rule or an opportunity to reassert claims previously raised under the Rule by framing the claims as unsubstantiated violations of *Brady*. *See Nelson v. State*, 2014 Ark. 91, 431 S.W.3d 852.

With respect to Williams's argument that he was forced to plead guilty because the State concealed evidence of a statement given to police by Varetta Butcher in violation of *Brady*, Williams did not demonstrate a *Brady* violation because he did not show that the statement was hidden from the defense. There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Strickler v. Greene*, 527 U.S. 263 (1999). The record reflects that reference was made to Butcher's statement in an affidavit for a search warrant which was filed with the circuit court in 2013, well before Williams entered his guilty plea in 2014. Accordingly, the statement could have been discovered by the defense, and Williams did not meet his burden of demonstrating a fundamental error of

fact extrinsic to the record that was concealed from the defense. *See Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

To the extent that Williams argued in his petition that his plea was coerced, he contended only that the State's actions influenced his decision to enter a plea of guilty. We have held that the level of coercion necessary to establish a ground for the writ requires a showing that the plea was the product of fear, duress, or threats of mob violence. *Thacker v. State*, 2016 Ark. 350, at 6, 500 S.W.3d 736, 740. Williams did not assert that his plea was a product of those factors.

Likewise, Williams's argument that he is actually innocent of the offense to which he pleaded guilty does not establish a ground for the writ because it constitutes a direct attack on the judgment. *See Scott v. State*, 2017 Ark. 199, at 3, 520 S.W.3d 262 (claim of actual innocence amounts to a challenge to the sufficiency of the evidence and is a direct challenge on the judgment that is not cognizable in a coram nobis proceeding).

Affirmed.

*Fred Lee Williams*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.