PHILLIP T. WHITEAKER, Judge
The Osceola District Court found appellant Nina Hannah guilty of numerous offenses. She timely filed and perfected an appeal of her district court convictions to the Mississippi County Circuit Court, but she failed to appear for any of her scheduled circuit court trial dates. As a result, the circuit court affirmed the district court's decision pursuant to Arkansas Rule of Criminal Procedure 36(h) (2018). On appeal, Hannah argues that the circuit court abused its discretion in affirming her district court convictions. Because Hannah has failed to preserve the arguments she raises on appeal, we affirm.
On June 8, 2016, the Osceola District Court found Hannah guilty of one count of second-degree criminal mischief, for which it sentenced her to ninety days in jail, a $ 1,000 fine, and $ 364.37 in restitution. On the same day, the district court found her guilty of three counts of failure to appear (FTA); she was sentenced to ninety days in jail on each count, to be served consecutively, as well as a $ 500 fine on each count. Hannah timely appealed her district court convictions to the Mississippi County Circuit Court and received a circuit *484 court date of June 27, 2016.[1] We are unable to ascertain exactly what happened on June 27, but apparently the matter was continued until September 6, 2016.
On September 6, Hannah failed to appear in the circuit court, and a warrant for her arrest was issued. Subsequently, the circuit court also issued arrest warrants after Hannah failed to appear for trial on three other scheduled circuit court dates: January 22, 2017; May 8, 2017; and November 17, 2017.
Hannah finally appeared before the circuit court on July 31, 2018. After recounting Hannah's multiple counts of FTA, the circuit court determined that based on "the statutory law," Hannah's district court convictions should be affirmed because of her failure to appear for the September 6 trial date. The circuit court entered an order nunc pro tunc affirming the district court on August 1, 2018, and a sentencing order reflecting Hannah's convictions for criminal mischief and failure to appear was entered on August 23. Hannah filed a timely notice of appeal.
On appeal, Hannah challenges the circuit court's interpretation and application of Arkansas Rule of Criminal Procedure 36(h).[2] This subsection of the rule, titled "Default Judgment," provides that "[t]he circuit court may affirm the judgment of the district court if ... the defendant fails to appear in circuit court when the case is set for trial." Hannah argues that the circuit court erred by improperly interpreting Rule 36(h) as mandatory rather than discretionary; she also contends that the circuit court abused its discretion when it affirmed her district court convictions without considering why she did not appear at her previous trial dates or articulating any of the facts on which it based its decision.
Hannah's arguments are not preserved for appeal. At her circuit court hearing, the court asked why the district court should not be affirmed. Hannah replied only that "there should be a jury trial guaranteed by the U.S. and Arkansas Constitution. I think also the appropriate remedy for this day would be to file a separate but new charge for failure to appear." She did not argue that the rule allowed the circuit court to exercise its discretion in affirming the district court, nor did she urge the circuit court to allow her to present evidence about why she had failed to appear previously.
An appellant must make an objection in the circuit court that is sufficient to apprise that court of the particular error alleged in order to preserve an argument for appeal. McKinney v. State , 2018 Ark. App. 10, 538 S.W.3d 216. In addition, a party may not change the grounds for an objection on appeal. Oxford v. State , 2018 Ark. App. 609, 567 S.W.3d 83 (refusing to consider whether the circuit court abused its discretion in running sentences consecutively instead of concurrently when appellant raised new and different arguments about the court's discretion than were raised at trial). Further, an appellant is bound on appeal by the scope and nature of the objections and arguments presented at trial. Eliott v. State , 342 Ark. 237, 27 S.W.3d 432 (2000) ; Brown v. State , 326 Ark. 56, 931 S.W.2d 80 (1996). The purpose of this rule is to call the circuit court's attention to the alleged error by timely objection or inquiry so that the court can be given the opportunity to correct *485 the error. McKinney , supra ; see also Johnson v. State , 2009 Ark. 460, at 9, 344 S.W.3d 74, 80 (holding that issues raised for the first time on appeal, even constitutional issues, will not be considered because the circuit court never had an opportunity to make a ruling).
Here, Hannah simply failed to raise in the circuit court any of the arguments that she makes on appeal. Accordingly, we affirm without reaching the merits of her arguments.
Affirmed.
Virden and Gladwin, JJ., agree.

Counsel for Hannah signed an "acknowledgment of court date" on June 15, 2016, recognizing a circuit court date of June 27, 2016.

Rule 36 generally provides for appeals from district court to circuit court.