Cite as 2020 Ark. App. 165

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR-19-532

| | |
|---|---|
| MICHAEL SHOCK | **Opinion Delivered:** March 11, 2020 |
| APPELLANT | APPEAL FROM THE CLEBURNE COUNTY CIRCUIT COURT [NO. 12CR-17-166] |
| V. | |
| STATE OF ARKANSAS | HONORABLE TIM WEAVER, JUDGE |
| APPELLEE | AFFIRMED |

## RITA W. GRUBER, Chief Judge

Michael Shock appeals the circuit court's denial of his motion to dismiss the charges against him on double-jeopardy grounds based on prosecutorial misconduct of withholding pretrial discovery information. He contends on appeal that the State's repeated discovery violations during his first trial were intended to provoke him to move for a mistrial and thus that double jeopardy barred a second trial under the standard set by the United States Supreme Court under the federal constitution in *Oregon v. Kennedy*, 456 U.S. 667 (1982). In the alternative, he asks this court to expand double-jeopardy protections under the Arkansas Constitution to include prosecutorial misconduct beyond the intention to provoke the defendant into moving for a mistrial. We affirm the denial of appellant's motion to dismiss.

On October 17, 2017, appellant was charged with one count of rape of his granddaughter, LS, who was five years old at the time. The victim first reported the

allegations to her mother, Samantha Shock. Several days later, LS was interviewed at the child-safety center in Searcy, where a SANE[1] nurse also performed a physical exam, tested for sexually transmitted diseases, and checked for evidence of sexual abuse. The medical summary indicated the absence of any physical findings of sexual abuse, and the lab report was negative for sexually transmitted diseases. After receiving the State's file in response to his broad discovery motion, appellant filed several pretrial motions requesting additional information, including a bill of particulars contending that the file the State had provided was insufficient to apprise him of the time, place, manner, and means of the alleged offense. His motions were denied.

The trial began on December 5, 2018, and the State called Ms. Shock as its first witness. During her testimony, appellant moved for a mistrial, arguing that Ms. Shock was testifying about new information that "[appellant] and LS were in her room by themselves." He argued that this information had not been disclosed despite his request for a bill of particulars. The court denied his motion. Ms. Shock's testimony continued, and she described the medical exam performed on LS at the child-safety center. The State concluded its direct examination of Ms. Shock, and the court recessed for the day.

At the beginning of the second day of trial before he began his cross-examination of Ms. Shock, defense counsel moved for a mistrial, alleging he had been provided no evidence during discovery that a medical examination or testing had taken place. Defense counsel proffered two pages he alleged the State had provided to him from the child-safety center, which did not include results of a sexual-assault physical examination or suggest that LS had

---

[1]SANE stands for sexual abuse nurse examiner.

2

been tested for sexually transmitted diseases. Appellant argued that the noted absence of physical findings of sexual abuse and the negative lab results for sexually transmitted diseases was exculpatory and was required to have been disclosed by the State. The State responded that they had provided the name of the SANE nurse as a witness and that they had given appellant the relevant documents regarding her examination. The court denied the motion for mistrial, finding that the State had provided the information.

Defense counsel continued his cross-examination of Ms. Shock and again moved for a mistrial based on the State's failure to disclose that the prosecutor had represented Ms. Shock years earlier in a civil action when the prosecutor was in private practice. The circuit court denied the motion and continued with the proceedings.

During a subsequent break in Ms. Shock's testimony, the prosecutor told the court that she had asked the SANE nurse during the break to confirm the number of pages contained in the medical records. The prosecutor discovered that there were numerous pages, including lab results, that had not been provided to defense counsel. Appellant moved for a mistrial, which the State conceded had merit, and the court granted it.

On March 20, 2019, prior to appellant's second trial, he filed a motion to dismiss on double-jeopardy grounds under the federal and state constitutions, arguing that the State's failure to turn over inculpatory and exculpatory information was a *Brady*[2] violation, constituted prosecutorial misconduct, and was disclosed during trial to provoke a mistrial and avoid an acquittal. Therefore, he argued, under the United States Supreme Court's

---

[2]*Brady v. Maryland*, 373 U.S. 83 (1963) (holding suppression by the prosecution of requested evidence favorable to an accused violates due process when the evidence is material to guilt or punishment, irrespective of the good faith or bad faith of prosecution).

opinion in *Kennedy*, double jeopardy attached to bar re-prosecution. The circuit court denied appellant's motion, specifically finding no bad faith on behalf of the State and no attempt by the prosecutor to "goad" appellant into requesting a mistrial. This appeal is from that denial.

A double-jeopardy claim may be raised by interlocutory appeal because if a defendant is illegally tried a second time, the right is forfeited. *Zawodniak v. State*, 339 Ark. 66, 68, 3 S.W.3d 292, 293 (1999). We review a circuit court's denial of a motion to dismiss on double-jeopardy grounds de novo. *Winkle v. State*, 366 Ark. 318, 235 S.W.3d 482 (2006). When the analysis presents itself as a mixed question of law and fact, we give the factual determinations made by the circuit court due deference and will not reverse them unless clearly erroneous. *Id*. at 320, 235 S.W.3d at 483. However, "the ultimate decision by the circuit court that the defendant's protection against double jeopardy was not violated is reviewed de novo, with no deference given to the circuit court's determination." *Green v. State*, 2011 Ark. 92, at 4, 380 S.W.3d 368, 371.

The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense. *United States v. Dinitz*, 424 U.S. 600, 606 (1976). The Double Jeopardy Clause, however, does not offer the defendant a guarantee that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding. *Kennedy*, 456 U.S. at 672. It protects criminal defendants from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Wilcox v. State*, 342 Ark. 388, 39 S.W.3d 434 (2000) (citing *North Carolina v. Pearce*, 395 U.S. 711 (1969)).

4

There is also a narrow exception to the rule that the Double Jeopardy Clause will not bar retrial when a defendant moves for a mistrial "where the governmental conduct in question is intended to 'goad' a defendant into moving for a mistrial." *Kennedy*, 456 U.S. at 676. The examination of the prosecutor's intent calls for the circuit court to make a finding of fact by inferring the existence or nonexistence of intent from objective facts and circumstances. *McClendon v. State*, 2017 Ark. App. 295, at 6, 523 S.W.3d 374, 377; *Jackson v. State*, 322 Ark. 710, 911 S.W.2d 578 (1995).

Appellant first argues that the circuit court erred in denying his motion to dismiss because the State's repeated discovery and *Brady* violations were intended to provoke a mistrial. He points to his repeated attempts to obtain a mistrial for the State's failure to disclose before trial (1) the existence of a sexual–assault medical exam of the victim; (2) that the victim and appellant had been alone together; and (3) the prosecutor's previous representation of Ms. Shock in a civil matter. The circuit court reviewed the issues and found that the prosecutor had not intentionally attempted to "goad" appellant into requesting a mistrial.

We cannot say that the circuit court's finding is clearly erroneous, and on de novo review, we affirm its denial of appellant's motion to dismiss. Appellant moved multiple times for mistrial before it was ultimately granted by the court. The State responded to each motion, refuting appellant's arguments and denying that a mistrial was warranted, suggesting that the State specifically did not want the case to end in a mistrial. It was not until the prosecutor questioned the SANE nurse during a break in Ms. Shock's testimony that the State discovered multiple pages from the medical examination had not been provided to

appellant during discovery. At appellant's renewal of his motion for mistrial, the prosecutor agreed that it should be granted although it made her "physically ill." We cannot say the circuit court's finding that the prosecutor did not intentionally goad appellant into moving for a mistrial is clearly erroneous.

Further, although the State does not concede that the failure to provide the evidence amounted to a *Brady* violation,[3] our supreme court has held that the law is well settled that the remedy for a *Brady* violation is a new trial, which appellant is receiving in this case. *Green*, 2011 Ark. 92, at 11, 380 S.W.3d at 375. Prosecutorial misconduct, even intentional and reversible misconduct, does not preclude retrial of the case. *Id*. To invoke the double-jeopardy bar, a defendant must show that the misconduct was motivated not by a desire to obtain a conviction but by a desire to provoke the defendant into moving for a mistrial. *Id*. (quoting *State v. Williams*, 988 P.2d 722, 728 (Kan. 1999)). Appellant has failed to make that showing here.

Finally, appellant asks us to consider expanding double-jeopardy considerations under the Arkansas Constitution to include a more objective, broader standard involving prosecutorial-misconduct allegations. Our supreme court has declined to extend the holding of *Kennedy* beyond those instances in which the prosecution has intentionally provoked a mistrial. *Green*, *supra*; *Jackson*, *supra*. We must follow the precedent set by the supreme court

---

[3]There are three elements of a *Brady* violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice must have ensued. *Williams v. State*, 2017 Ark. 313, at 3, 530 S.W.3d 844, 846. We express no opinion whether the violations in this case met this standard.

and are powerless to overrule its decisions. *Rice v. Ragsdale*, 104 Ark. App. 364, 368, 292 S.W.3d 856, 860 (2009).

Accordingly, we affirm the circuit court's decision denying appellant's motion to dismiss.

Affirmed.

VIRDEN and KLAPPENBACH, JJ., agree.

*Benca & Johnston*, by: *Patrick J. Benca*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.