Cite as 2024 Ark. App. 171

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CR-23-418

| | |
|---|---|
| SHANNON THEPHARATH | Opinion Delivered March 6, 2024 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION |
| V. | [NO. 60CR-19-4619] |
| STATE OF ARKANSAS | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| APPELLEE | AFFIRMED |

### WENDY SCHOLTENS WOOD, Judge

Shannon Thepharath brings this interlocutory appeal from an order of the Pulaski County Circuit Court denying her motion to dismiss a third-degree domestic-battering charge. On appeal, Thepharath argues that the circuit court erred in denying her motion because a retrial of the domestic-battering charge is barred by double jeopardy. We affirm the circuit court's denial of the motion to dismiss.

This case arose from an incident that occurred on September 10, 2019, involving Thepharath and her then seventeen-year-old son ("minor victim"). Thepharath was charged with aggravated assault of a family or household member (a Class D felony) and third-degree domestic battering (a Class A misdemeanor). A jury trial took place on July 19, 2022. The jury acquitted Thepharath of aggravated assault of a family or household member but was deadlocked on the domestic-battering charge. The circuit court declared a mistrial. When

the State informed the court that it intended to retry the domestic-battering charge, Thepharath moved to dismiss on double-jeopardy grounds.

In a January 5, 2023 order, the circuit court denied Thepharath's motion to dismiss, finding that double jeopardy did not bar a retrial of the domestic-battering charge. The court found that each of the charges required proof of an element that the other did not. Specifically, aggravated assault of a family member as charged by the State required a finding of an impediment of air or circulation, and domestic battering required a finding of physical injury. The circuit court explained:

> In the instant case, exhibits and evidence at trial demonstrated that "choking" of the Defendant was not the only possible injury the jury could find, but that scratches on the back of the victim and also his arms were evident. That alone is a "physical injury" required by 3rd Degree Domestic Battery, which is not "choking" as required by Aggravated Assault of a Family or Household Member. Moreover testimony existed regarding the physical struggles between the victim and the Defendant—it is for a jury to determine if those interactions, based on testimony and the photo evidence, resulted in physical injury that would warrant a finding of physical injury. The first jury could not come to a determination on that issue. A second jury may be able to.

This appeal followed.

In *Williams v. State*, 371 Ark. 550, 553, 268 S.W.3d 868, 871 (2007), the supreme court set out the applicable standard of review:

> This court reviews a circuit court's denial of a motion to dismiss on double-jeopardy grounds *de novo*. *See Winkle v. State*, 366 Ark. 318, 235 S.W.3d 482 (2006). We have further said that "when the analysis presents itself as a mixed question of law and fact, the factual determinations made by the trial court are given due deference and are not reversed unless clearly erroneous." *Id.* at 320, 235 S.W.3d at 483. However, the ultimate decision by the circuit court that the defendant's protection against double jeopardy was not violated is reviewed *de novo*, with no deference given to the circuit court's determination. *Id.* A double-jeopardy claim may be raised by interlocutory appeal because if a defendant is illegally tried a second time,

the right would have been forfeited. *See Zawodniak v. State*, 339 Ark. 66, 3 S.W.3d 292 (1999).

The Fifth Amendment to the United States Constitution and article 2, section 8 of the Arkansas Constitution require that no person be twice put in jeopardy of life or liberty for the same offense. The Double Jeopardy Clause protects criminal defendants from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Campbell v. State*, 2017 Ark. App. 340, at 7–8, 525 S.W.3d 465, 470. In order to determine whether the same act violates two separate statutory provisions, we apply the same-elements test, commonly referred to as the *Blockburger* test, which states as follows:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

*Blockburger v. United States*, 284 U.S. 299, 304 (1932) (quoting *Morey v. Commonwealth*, 108 Mass. 433, 434 (1871)). The Arkansas General Assembly has codified this constitutional protection at Arkansas Code Annotated section 5-1-110(b) (Repl. 2013), which provides that an offense is included in an offense charged if the offense is established by proof of the same or less than all the elements required to establish the commission of the offense charged.

Thepharath argues that the circuit court erred in denying her motion to dismiss the domestic-battering charge because double jeopardy bars prosecution. She contends that the State has accused her of one wrong—choking a family member—but charged her with two

3

different offenses. Thepharath asserts that in retrying the domestic-battering charge, the State will have to reargue that she choked her son, and a jury has already found that she did not choke her son and acquitted her of aggravated assault. Thepharath argues that the State's allegations fail the *Blockburger* test because, although the aggravated-assault count included elements not found in the domestic-battering count, third-degree domestic battering does not contain any additional element that is not required for aggravated assault as charged. We disagree.

The State charged Thepharath with aggravated assault of a family member under Arkansas Code Annotated section 5-26-306(a)(3) (Supp. 2023), which required the State to prove that, under circumstances manifesting extreme indifference to the value of human life, Thepharath purposely impeded or prevented the respiration of the family or household member or the circulation of a family or household member's blood by applying pressure on the chest, throat, or neck or by blocking the nose or mouth of the family or household member. The State also charged Thepharath with third-degree domestic battering under Arkansas Code Annotated section 5-26-305(a)(1) (Supp. 2023), which required the State to prove that Thepharath, with the purpose of causing physical injury to a family or household member, caused physical injury to a family or household member. The criminal information did not allege specific facts as to how the domestic battering occurred.

Here, the aggravated-assault charge requires proof of impeding or preventing the respiration of a family or household member or circulation of a family or household member's blood, which domestic battering does not require. Third-degree domestic battering

4

requires proof of physical injury, which the charge of aggravated assault of a family or household member does not. The minor victim testified about the incident:

> I went into [Thepharath's] room to go grab my stuff, and she followed shortly after. And as I was trying to walk out, she stood in my way. We proceeded to argue again. And I tried to, like, jump over their bed to get out of the room, and I was thrown off the bed. And then she came onto me and choked me. I let her know that I couldn't breathe, and I asked her why was she doing this. She didn't stop. I had to, kind of like, buck her off of me, and she lost her balance. But she came back again this time with both hands. And then I got her off again, and then she came back again with her arm pushing me up against, kind of like ~ there was a mattress up against the wall. She had me up against a mattress. And then at that point Ian had pulled her off of me. And I ran out of the room at that point[.]

Thepharath's then boyfriend, Ian Cox, testified that he witnessed Thepharath grab the minor victim "by the neck . . . and take him to the ground." Cox said that he pulled Thepharath off of the minor victim. There were testimony and photographs that Thepharath's actions caused physical injury to the minor victim, including scratches and bruising. In conclusion, we hold that the *Blockburger* test does not bar prosecution of the domestic-battering charge.

Thepharath further argues that the State's attempt to retry her "offends notions of justice and fair play embodied in the double jeopardy clause." She also states that the "overarching question is whether the government's pursuit of the case, in light of its four-year history and improper prosecutorial tactics, is unduly oppressive." While Thepharath did raise a double-jeopardy argument below, she did not make these particular constitutional arguments. Consequently, they are not preserved for our review. An appellant is bound on appeal by the scope and nature of the objections and arguments presented at trial. *Hannah*

*v. State*, 2019 Ark. App. 252, at 3–4, 576 S.W.3d 482, 484–85. Moreover, as the State points out, the Double Jeopardy Clause of the United States Constitution and article 2, section 8 of the Arkansas Constitution do not bar retrial after a mistrial on the basis of a hung jury. *See Gallagher v. City of Van Buren*, 30 Ark. App. 193, 195–96, 786 S.W.2d 837, 838–39 (1990) (citing *Richardson v. United States*, 468 U.S. 317 (1984)); *see also Mitchell v. State*, 2023 Ark. App. 119, at 7, 662 S.W.3d 660, 665.

Affirmed.

HARRISON, C.J., and MURPHY, J., agree.

*Maximillan R. X. Sprinkle*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.