Cite as 2025 Ark. App. 295

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-24-186

| | | |
|---|---|---|
| OWEN WATSON | | Opinion Delivered  May 7, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT |
| V. | | [NO. 18CR-22-338] |
| | | |
| STATE OF ARKANSAS | | HONORABLE RANDY F. PHILHOURS, |
| | APPELLEE | JUDGE |
| | | |
| | | AFFIRMED |

**WAYMOND M. BROWN, Judge**

Owen Watson brings this interlocutory appeal from an order of the Crittenden County Circuit Court denying his motion to dismiss charges against him for rape and second-degree sexual assault. On appeal, appellant argues that the circuit court erred in denying his motion because a retrial of the charges is barred by double jeopardy. We affirm.[1]

Appellant faced the above-mentioned criminal charges as well as a probation-revocation proceeding during the same trial held on February 27–28, 2023. While a mistrial was declared in the criminal case, the revocation proceeded and resulted in appellant's probation being revoked. When the State informed the circuit court that it intended to retry

---

[1]This is the second time this case has been before us; we originally remanded the case to settle and supplement the record. *See Watson v. State*, 2025 Ark. App. 52.

the rape and second-degree sexual-assault charges, appellant moved to dismiss on double-jeopardy grounds on April 17. In his motion, appellant stated that a mistrial had been granted on the second day of trial "due to examination by the State which ignored a sustained evidentiary objection."[2] He also claimed other misconduct by the State should bar appellant's retrial, including: (1) discovery violation by the State; and (2) charging the defense witness, Monique Wallace, Minor Child's (MC's) mother, with criminal charges stemming from the charges against appellant on the day she appeared in court to testify, and only after she was revealed as a witness for the defense three business days before trial. The State filed a response on April 28 admitting that it filed charges against Wallace on February 7 and that it acted within its prosecutorial discretion in determining whether to bring charges against her. It denied all other allegations, including allegations of prosecutorial misconduct. It asked the circuit court to deny the motion to dismiss.

The circuit court held a hearing on appellant's motion on February 12, 2024. The circuit court verified with the parties that it was to decide whether double jeopardy prevented the State from retrying appellant based on a theory that the State intentionally caused a mistrial to occur. After noting that the defense did not move for the mistrial, the circuit

---

[2]During the trial, the State asked its witness, Chelsey Stafford, about appellant's sexually-transmitted-disease (STD) status, to which she replied that appellant tested positive for Chlamydia. The defense objected based on hearsay because those medical records were not in evidence. The circuit court originally thought the medical records were already admitted into evidence, but it subsequently sustained the objection. Once the circuit court became aware that the State had no way of getting appellant's medical records in, it stated that it had "committed reversible error" and declared a mistrial. The State said that it also thought appellant's medical records were already in evidence. The revocation proceeded.

court found that the State did not attempt to force the defense to move for a mistrial since there was no reason for the State to think that it was losing; it found that Tom Young, one of the prosecutors, "basically started crying because he asked the terminal question that required a mistrial," and he had apologized to the courtroom. The circuit court found that Young's action was not the action of someone who "'goaded' the Defense into asking for a mistrial" and denied appellant's motion to dismiss.

The order denying appellant's motion to dismiss was filed on February 15, and it included the following pertinent facts: (1) evidence was admitted during appellant's jury trial that he is the biological father of a child with MC;[3] (2) the State presented proof that appellant's age is outside the range, which would lawfully allow him to have sexual intercourse with MC; (3) the mistrial resulted from a question posed by the State concerning appellant's STDs, which placed that information before the jury when the State had not laid and could not lay a proper foundation to introduce the information; (4) Wallace was identified as a potential witness by defense before trial, several days later, the State charged Wallace with several felonies and arrested her at the Crittenden County courthouse during appellant's trial; (5) the State's decision to charge Wallace is a matter of prosecutorial discretion and was not done in an effort to make her "useless" to the defense because, had she taken the stand, she would have enjoyed her Fifth Amendment Right against self-incrimination with or without the State's charges; (6) the State objectively was proving its

---

[3]MC (d.o.b. 07-06-08) was fourteen years old when she gave birth to a daughter.

3

case against appellant before the mistrial was declared, and the circuit court did not feel like the State needed a "do-over" or "mulligan" at appellant's trial; and (7) the State was not intentionally "baiting" or "goading" the appellant to request a mistrial. The circuit court concluded that the State did not goad appellant to request a mistrial, that the State had presented sufficient proof to allow the jury to convict the appellant before the mistrial was declared, and that the act or omission leading to the mistrial was the result of carelessness rather than ill motive. Appellant filed a notice of interlocutory appeal on March 4.

A double-jeopardy claim may be raised by interlocutory appeal because if a defendant is illegally tried a second time, the right is forfeited.[4] We review a circuit court's denial of a motion to dismiss on double-jeopardy grounds de novo.[5] When the analysis presents itself as a mixed question of law and fact, we give the factual determinations made by the circuit court due deference and will not reverse them unless clearly erroneous.[6] However, "the ultimate decision by the circuit court that the defendant's protection against double jeopardy was not violated is reviewed de novo, with no deference given to the circuit court's determination."[7]

---

[4]*Zawodniak v. State*, 339 Ark. 66, 3 S.W.3d 292 (1999).

[5]*Winkle v. State*, 366 Ark. 318, 235 S.W.3d 482 (2006).

[6]*Id.*

[7]*Green v. State*, 2011 Ark. 92, at 4, 380 S.W.3d 368, 371.

The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution protects a criminal defendant from repeated prosecutions for the same offense.[8] The Double Jeopardy Clause, however, does not offer the defendant a guarantee that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding.[9] It protects criminal defendants from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.[10] There is also a narrow exception to the rule that the Double Jeopardy Clause will not bar retrial when a defendant moves for a mistrial "where the governmental conduct in question is intended to 'goad' a defendant into moving for a mistrial."[11] The examination of the prosecutor's intent calls for the circuit court to make a finding of fact by inferring the existence or nonexistence of intent from objective facts and circumstances.[12]

Appellant argues that the circuit court erred by denying his motion to dismiss due to the State's intention to cause a mistrial by eliciting testimony about appellant's STD status when appellant's medical records were not in evidence, and the State had no way to get them

---

[8]*United States v. Dinitz*, 424 U.S. 600 (1976).

[9]*Oregon v. Kennedy*, 456 U.S. 667 (1982).

[10]*Wilcox v. State*, 342 Ark. 388, 39 S.W.3d 434 (2000).

[11]*Kennedy, supra.*

[12]*McClendon v. State*, 2017 Ark. App. 295, 523 S.W.3d 374; *Jackson v. State*, 322 Ark. 710, 911 S.W.2d 578 (1995).

admitted. The circuit court heard testimony at the hearing and ultimately concluded that the State did not seek to cause a mistrial. The circuit court noted that Young apologized and basically started crying when the circuit court declared a mistrial and found that these were not the actions of someone trying to force a mistrial. The circuit court also found that there was no reason for the State to force a mistrial because it was not losing its case against appellant, and the evidence already admitted was enough to allow a jury to convict appellant of the charges against him. Appellant has failed to show that the State tried to goad appellant into a mistrial.

Appellant also argues that the State's discovery violations, its decision to bring charges against Wallace three business days before appellant's jury trial,[13] and its elicitation of appellant's STD status cumulatively show that the State was attempting to cause a mistrial. The State contends, and we agree, that the circuit court did not make a cumulative-misconduct determination. Thus, this argument is not preserved for our review. We affirm the circuit court's denial of appellant's motion to dismiss the charges against him based on double-jeopardy grounds.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*Sharon Kiel*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.

---

[13]The circuit court found that the State's decision to charge Wallace was prosecutorial discretion, and we cannot say that this was in error.