Cite as 2025 Ark. App. 420

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CR-24-728

| | | |
|---|---|---|
| PATRICK COBB | | Opinion Delivered September 10, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT |
| V. | | [NO. 17CR-24-46] |
| | | |
| STATE OF ARKANSAS | | HONORABLE CANDICE A. SETTLE, |
| | APPELLEE | JUDGE |
| | | |
| | | AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Patrick Cobb appeals a Crawford County Circuit Court order denying his motion to dismiss a felony charge for interference with court-ordered custody on the basis of double jeopardy. Cobb contends that the circuit court erred in denying his motion to dismiss because he had been charged under the same facts and held in criminal contempt for the same actions in Oklahoma. We affirm.

On February 2, 2024, the State charged Cobb with interference with court-ordered custody, a Class D felony, pursuant to Arkansas Code Annotated section 5-26-502 (Repl. 2024). The circuit court issued an arrest warrant for Cobb, and the accompanying affidavit provided that on January 22, Elizabeth Smith filed a police report with the Van Buren Police Department after Cobb failed to return two of their children following a visitation that was set to end on January 14. The affidavit further provided that the McCurtain County District

Court in Oklahoma granted Smith custody of the children in a May 2016 order, that Cobb had refused to return the children to Smith as of January 29, 2024, and that Cobb had communicated to Smith that the children were in Oklahoma where he planned to homeschool them.

Cobb was arrested by Oklahoma authorities on the Arkansas warrant on January 31. He spent two days in jail in Oklahoma before he was extradited to Arkansas.

On February 2, Smith filed an "Application for Indirect Contempt Citation" in a paternity case in McCurtain County District Court in Oklahoma. She alleged that Cobb was in contempt for violating the May 2016 paternity order by withholding the minor children from her.

On July 30, Cobb moved to dismiss the Arkansas interference-with-court-ordered-custody charge on double-jeopardy grounds. His motion alleged that on July 29, he pled no-contest to Smith's application for indirect contempt in the Oklahoma case and that the court found him guilty of indirect contempt "and deferred the Defendant's sentence for a period of six (6) months, and sentenced [him] to jail time but credit given for time served." However, the contempt order attached to his motion provides that the Oklahoma court found Cobb "guilty of Indirect Contempt" and stated that "judgment and sentence is deferred for a period of Six (6) Months until the 29th day of January, 2025, credit time served." Nevertheless, Cobb asserted that jeopardy attached to the Oklahoma paternity action because the same set of facts alleged in the Arkansas felony case were also alleged against him in the paternity case, and he was found guilty of contempt and "sentenced to jail time but

2

given credit for time served," which he claimed made the paternity proceeding criminal in nature.

Following a hearing, the circuit court entered an order denying Cobb's motion to dismiss, finding that the order of contempt "entered in Oklahoma District Court . . . is not clearly a finding of criminal contempt as the matter was deferred and no sentence pronounced." The court further reasoned that by deferring the sentence for a period of time, it appeared as though the district court was trying to ensure Cobb's "good behavior, which is coercive (and therefore civil) in nature." This interlocutory appeal followed.

We review a circuit court's denial of a motion to dismiss on double-jeopardy grounds de novo. *Waterman v. State*, 2025 Ark. 62, at 3. The supreme court has explained that "when the analysis presents itself as a mixed question of law and fact, the factual determinations made by the trial court are given due deference and are not reversed unless clearly erroneous." *Id.* (quoting *Winkle v. State*, 366 Ark. 318, 320, 235 S.W.3d 482, 483 (2006)). However, the ultimate decision by the circuit court that the defendant's protection against double jeopardy was not violated is reviewed de novo, with no deference given to the circuit court's determination. *Id.* A double-jeopardy claim may be raised by interlocutory appeal because if a defendant is illegally tried a second time, the right would have been forfeited. *Id.* (citing *Zawodniak v. State*, 339 Ark. 66, 3 S.W.3d 292 (1999)).

The Fifth Amendment to the United States Constitution and article 2, section 8 of the Arkansas Constitution require that no person be twice put in jeopardy of life or liberty for the same offense. The Double Jeopardy Clause protects criminal defendants from (1) a

3

second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Campbell v. State*, 2017 Ark. App. 340, at 7, 525 S.W.3d 465, 470. The supreme court has said that "the test of double jeopardy is not whether a defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense, and where two statutes are intended to suppress different evils, conviction under one will not preclude prosecution of the other." *Hobbs v. State*, 43 Ark. App. 149, 153, 862 S.W.2d 285, 287 (1993) (citing *Decker v. State,* 251 Ark. 28, 471 S.W.2d 343 (1971)).

Cobb argues that the circuit court clearly erred in denying his motion to dismiss the Arkansas interference-with-court-ordered-custody charge because the Oklahoma contempt finding and sentence of imprisonment with "credit time served" constituted criminal contempt to which jeopardy attached; therefore, he cannot be tried and punished again for the same offense in Arkansas. In determining whether a particular action by a court constitutes criminal or civil contempt, the focus is on the character of relief rather than the nature of the proceeding. *Burrow v. J.T. White Hardware & Lumber Co.*, 2018 Ark. App. 212, at 9, 547 S.W.3d 500, 505. Criminal contempt vindicates the power and dignity of the court and constitutes punishment for disobedience of its orders, while the purpose of civil contempt is to preserve and enforce the rights of private parties to suits and to compel obedience to orders made for the benefit of those parties. *Id.*, 547 S.W.3d at 505. Because civil contempt is designed to coerce compliance with the court's order, the contemnor may free himself or herself by complying with the order. *Id.*, 547 S.W.3d at 505. As we have stated

4

many times, civil contemnors "carry the keys of their prison in their own pockets." *Id.*, 547 S.W.3d at 505. Criminal contempt, by contrast, carries an unconditional penalty solely and exclusively punitive in character and the contempt cannot be purged. *Id.*, 547 S.W.3d at 505. The appellate courts have often noted that the line between civil and criminal contempt may blur at times. *Id.*, 547 S.W.3d at 505.

Both Cobb and the State rely on *Hobbs v. State*, 43 Ark. App. 149, 862 S.W.2d 285 (1993), in support of their arguments. In that case, John Hobbs was charged with interference with court-ordered custody pursuant to Arkansas Code Annotated section 5-26-502. Hobbs moved to dismiss the charge on the basis of double jeopardy, arguing that he had been found guilty of criminal contempt for interference with custody in his divorce case and was jailed and assessed fines as a result. The underlying conduct for both the contempt finding in the divorce case and the criminal charge consisted of Hobbs's keeping his child longer than his regular visitation. The circuit court denied the motion to dismiss, and a jury found Hobbs guilty of interference with court-ordered custody and sentenced him to "sixty-two days (time served) in the county jail and a fine of $500." *Id.* at 151, 862 S.W.2d at 286.

On appeal to this court, Hobbs argued that the conviction violated double jeopardy because he had previously been ordered incarcerated for time served and fined in the divorce action, which he contended constituted criminal contempt to which jeopardy attached. *Id.* at 153, 862 S.W.2d at 288. The State argued that the contempt finding was civil in nature, but we disagreed and reversed and dismissed the conviction, concluding that Hobbs's

5

incarceration in the divorce case was "essentially criminal" and that jeopardy attached. *Id.* at 157, 862 S.W.2d at 289.

Cobb argues that like *Hobbs*, the contempt finding in his paternity case was criminal in nature because he was "also jailed, and in fact given credit for that time by the Oklahoma court[.]" Cobb also asserts that "the character of relief . . . was the imposition of a sentence of imprisonment." The State contends that in the Oklahoma case the contempt finding was coercive and thus civil in nature because the judgment and sentence were deferred for six months. The State further argues that although the Oklahoma district court appeared to give Cobb credit for time served, this time was for the two days he spent in jail after he had been arrested on the felony charge and awaited extradition to Arkansas.

Unlike *Hobbs*, the Oklahoma district court order deferred contempt sanctions for six months. The nature of the contempt is dependent on the nature of the resulting sanction. *Conlee v. Conlee*, 370 Ark. 89, 96, 257 S.W.3d 543, 550 (2007) ("In a contempt case, the first question this court must address in deciding whether the contempt sanctions imposed were appropriate is whether the contempt was civil or criminal. Criminal contempt preserves the power of the court, vindicates its dignity, and punishes those who disobey its orders."). Although Cobb asserts that he was sentenced to jail time and given credit for that time and that the character of the relief was the imposition of a sentence of imprisonment, the Oklahoma order deferred "judgment and sentence" for six months. The reference to "credit time served" is of no significance because the Oklahoma court did not impose a sentence; thus, there was no sentence to credit at the time of the order. In the absence of sanctions

6

being imposed by the Oklahoma court, we cannot conclude that jeopardy attached. *See Whitt v. State*, 2015 Ark. App. 529, at 4, 471 S.W.3d 670, 673 (holding that jeopardy did not attach to a contempt finding in a prior proceeding because there was "no indication . . . that Whitt was punished for contempt."). Accordingly, in our do novo review, we cannot say that the circuit court erred in denying Cobb's motion to dismiss.

Affirmed.

ABRAMSON and BARRETT, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.