Cite as 2025 Ark. App. 52

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-24-186

| | | |
|---|---|---|
| OWEN WATSON | APPELLANT | Opinion Delivered January 29, 2025 |
| | | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. 18CR-22-338] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | | REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |

**WAYMOND M. BROWN, Judge**

Owen Watson brings this interlocutory appeal from an order of the Crittenden County Circuit Court denying his motion to dismiss charges against him for rape and second-degree sexual assault. On appeal, appellant argues that the circuit court erred in denying his motion because a retrial of the charges is barred by double jeopardy. We remand to settle and supplement the record.

Appellant faced the above-mentioned criminal charges as well as a revocation proceeding during the same trial held on February 27–28, 2023. While a mistrial was declared in the criminal case, the revocation proceeded and resulted in appellant's probation being revoked. Appellant filed a motion to dismiss his criminal charges on double-jeopardy grounds on April 17. The State filed a response on April 28. The circuit court held a hearing

on appellant's motion on February 12, 2024. It filed an order denying appellant's motion on February 15. Appellant filed a notice of interlocutory appeal.

In his notice, appellant designated the transcript from the February 2023 trial as part of his record on appeal. However, that transcript was not included in the record submitted with appellant's appeal. To make things complicated, appellant has consistently cited to pages in the missing record in his argument. Our rules require that "[r]eference in the argument portion" of the appellant's brief "to material found in the appellate record shall be followed by a reference to the page number of the appellate record" where that information can be found.[1] The rules also state that if anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and, if necessary, that a supplemental record by certified and transmitted.[2] Because the February 2023 transcript is not included with appellant's record on appeal, we remand to settle and supplement the record. Appellant has thirty days from the date of this opinion to file a supplemental record with this court.

Remanded to settle and supplement the record.

TUCKER and WOOD, JJ., agree.

*Sharon Kiel*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.

---

[1]*See* Ark. Sup. Ct. R. 4-2(a)(7).

[2]Ark. R. App. P–Civ. 6(e) (made applicable to criminal cases by Ark. R. App. P.–Crim 4(a)).